OPINION OF THE COURT
Con. G. Cholakis, J.
This CPLR article 78 proceeding was brought by the petitioner to obtain judgment, among other things, directing his reinstatement to his position as senior sanitary engineer in the employ of the New York State Department of Environmental Conservation. The petitioner was terminated from his position at the end of his probationary period and upon this proceeding he has questioned the compliance of the respondent with 4 NYCRR 4.5 (a) (5) (iii) which requires that the probationary employee be advised, from time to time, of his “status and progress”. It was determined that a factual issue existed concerning the compliance of the respondent with the noted regulation and the matter, accordingly, was referred by this court to Trial Term for determination (see opn, Jan. 28, 1982; order, Feb. 2, 1982). The petitioner thereafter filed a Trial Term note of issue demanding a jury trial and the proceeding is now again before the court upon the motion of the respondent for an order directing that the matter be tried by the court alone without a jury.
CPLR 7804 (subd [h]) provides merely: “If a triable issue of fact is raised in a proceeding under this article, it shall be tried forthwith”. The question of when a jury trial is available is addressed in the notes set forth under the heading Legislative Studies and Reports following CPLR 7804 (subd [h]) (McKinney’s Cons Laws of NY, Book 7B, p *642 511). It is here noted: “There is a right to trial by jury in proceedings in the nature of mandamus (3 N.Y.Jud.Council Rep. 138, 168-69 (1937)); and on certain issues in proceedings in the nature of certiorari (3 N.Y.Jud.Council Rep. 188 (1937)) but not in proceedings in the nature of prohibition. Id. at 167. This subdivision does not state in what actions jury trial is available, or what questions are to be submitted to the jury since these are matters which are governed by historical rights under the writs. The proper scope of a jury, however, is still not wholly resolved by case law.” (Id.)
Upon this motion the respondent maintains that while the ultimate relief sought by the petitioner is in the nature of mandamus (reinstatement), the factual issue referred to Trial Term is in the nature of certiorari. The respondent’s argument continues that there is no present historical right, constitutional or statutory, to a jury trial in certiorari proceedings. The court cannot agree.
It is first observed that the referral to Trial Term was not intended by this court to be as narrow in scope as is envisioned by the respondent. Beyond this, it is observed that the distinction between certiorari and mandamus is not always clear (see 23 Carmody-Wait 2d, § 145:6).
Otherwise, and with reference to historical rights, section 1295 of the Civil Practice Act, the predecessor to CPLR 7804 (subd [h]), provided in part: “If a triable issue of fact is * * * raised, it shall be forthwith tried before a court sitting without a jury, before a referee, or, where the proceeding is to review a determination or to compel performance of a duty specifically enjoined by law ahd a jury trial is demanded on or before the return day, before a court and jury”. The section is commented upon as follows: “The present provision for jury trial * * * is retained for what are now mandamus proceedings, because of constitutional difficulties * * * It is also applied to what are now certiorari proceedings, in order to avoid the confusion that would be caused by distinguishing between the two proceedings in this respect, and because issues of fact in certiorari proceedings can at present be raised only in a separate action for a false return in which it seems the ordinary mode of trial is by a jury” (Third Annual Report of *643 Judicial Council of NY, 1937, p 188). Admittedly, in current practice there is no necessity for a separate action to determine factual issues in certiorari proceedings, but the continuation of confusion between mandamus and certiorari still, it would appear, supplies sufficient reason to allow jury trial of factual issues upon demand in article 78 proceedings seeking relief in the nature of certiorari as well as mandamus.
The motion, accordingly, is denied.