■ In the Matter of CHESTER A. SEROWICK, Appellant, v WILLIAM G. BARRY, as Chairman of the New York State Racing & Wagering Board, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: Petitioner appeals from the dismissal of his petition seeking an order compelling respondent to reinstate him to his position as a State inspector at Finger Lakes Race Track. Petitioner served "during [the] pleasure" of respondent (see L 1973, ch 346, § 3; Racing and Wagering Board Law, § 201, subd 8) and had no right to review of his termination under section 75 of the Civil Service Law and no property interest in the continuation of his employment (see *Bishop v Wood,* 426 US 341; *Board of Regents v Roth,* 408 US 564, 578; *Matter of Stanziale v Executive Dept., Off. of Gen. Servs.,* 55 NY2d 735). Based on petitioner's claim that his discharge was accompanied by publicized accusations of misconduct which stigmatized him and thus deprived him of a liberty interest, Special Term directed that he be afforded a "stigma" hearing (see *Codd v Velger,* 429 US 624; *Bishop v Wood, supra; Board of Regents v Roth, supra; Matter of Petix v Connelie,* 47 NY2d 457). We affirmed (*Matter of Serowick v Barry,* 74 AD2d 1008). Subsequent to the hearing, the hearing officer made findings which petitioner finds to be adverse to his position. Petitioner then commenced the instant proceeding seeking reinstatement to his former position. He does not request a new hearing. Special Term properly held that the petition failed to state a cause of action upon which relief can be granted because the remedy sought by petitioner, reinstatement, would not be available to him regardless of the results of the "stigma" hearing; the purpose of such a hearing is solely " 'to provide the person an opportunity to clear his name' " (*Codd v Velger, supra,* p 627, quoting *Board of Regents v Roth, supra,* p 573, n 12; see *Matter of Petix v Connelie, supra,* p 460; cf. *Matter of Stanziale v Executive Dept., Off. of Gen. Servs., supra*). (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.