■ In the Matter of MELVIN C. PREDDICE, Appellant, v THOMAS J. CALLANAN, as Director of the Division of Probation of the State of New York, et al., Respondents. — Appeal from that part of a judgment of the Supreme Court at Special Term (Klein, J.), entered April 5, 1982 in Albany County, which dismissed certain causes of action set forth in the petition. In September, 1975, petitioner received a temporary appointment as Probation Communications Consultant with the State Division of Probation, a competitive class job title. He continued in this position until April, 1978 when his title became Probation Public Information and Media Specialist, a "pending" noncompetitive class position. Application to reclassify the position as noncompetitive was never finally approved. Respondent terminated petitioner's services in writing effective February 3, 1982. Petitioner commenced this CPLR article 78 proceeding to annul the termination for failure to provide a pretermination hearing which he claimed was required by both section 75 of the Civil Service Law and the procedural due process guarantees of the Federal and State Constitutions. Petitioner further alleged that the termination was in bad faith and requested a stay. Special Term dismissed the first two causes of action, granting only a hearing on the issue of bad faith pursuant to CPLR 7804 (subd [h]). Respondent's motion for leave to appeal that portion of Special Term's judgment ordering the "bad faith" hearing was denied by order of this court dated May 21, 1982. Petitioner's cross appeal, limited to so much of Special Term's order as finally dismissed his first two causes of action, is properly before us. It is well settled that a provisional employee in a competitive class position is not protected by the provisions of section 75 of the Civil Service Law and may be subject to summary removal without a hearing (*Matter of City of Binghamton* [*Binghamton Civ. Serv. Forum*], 63 AD2d 790; *Matter of Ause v Regan*, 59 AD2d 317, 323). At oral argument, petitioner's attorney conceded this rule to

be correct and that he was barred from a hearing by the rule. Petitioner argues that respondent, through its actions or inactions, "left his position in limbo" thereby creating a *de facto* claim to continued employment, terminable only after a hearing (see *Perry v Sindermann,* 408 US 593, 600). In this regard, petitioner alleges that he "was led to believe that he held a non-competitive position and after five years he could only be removed for cause." We disagree. Aside from the attempted reclassification of petitioner's status, there is no oral or written evidence presented to support his contention. In our view, petitioner's allegations demonstrate a mere unilateral expectation of continued employment insufficient to trigger a due process guarantee to a pretermination hearing (see *Matter of Carter v Murphy,* 80 AD2d 960; *Russell v Hodges,* 470 F2d 212, 216). Having failed to establish a legal right to permanent employment, the doctrine of equitable estoppel to create such a right does not lie (see *Matter of McLaughlin v Berle,* 71 AD2d 707, 708). Finally, the issue of whether Special Term erred in ordering a "bad faith" hearing pursuant to CPLR 7804 (subd [h]) is not properly before us and need not be reviewed (see 4 NY Jur 2d, Appellate Review, § 320, pp 409-410). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.