■ In the Matter of RICHARD H. GREEN, Respondent, v COMMISSIONER OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Appellant. — Appeal, by permission, from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 14, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion for a nonjury trial. On June 19, 1980, petitioner was appointed to the position of senior sanitary engineer in the Department of Environmental Conservation. This position was subject to a 26- to 52-week probationary term. On December 5, 1980, petitioner received a written evaluation of his work which recommended that the probationary period be terminated. Respondent, however, continued petitioner as a probationer until June 2, 1981, when a second written evaluation of petitioner's work recommended that his employment be terminated. After his job was terminated petitioner commenced this CPLR article 78 proceeding for judgment reinstating him, alleging that respondent violated the appropriate rules and regulations (4 NYCRR 4.5 [a] [5] [iii]) in failing to exercise the appropriate degree of supervision and assistance as to his probationary period. Special Term ordered the proceeding transferred to the general calendar for trial. Respondent moved for an order directing that the matter be tried before the court without a jury. The motion was denied and this appeal by respondent ensued. Since a probationary employee may be discharged at any time without a hearing (*Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Talamo v Murphy,* 38 NY2d 637), and since an article 78 proceeding in the nature of certiorari arises only when a hearing is required, the sole issue for review is whether an article 78 proceeding, which we must regard as in the nature of mandamus to review (*Matter of De Milio v Borghard, supra*), as here, entitles respondent to have the matter tried before the court without a jury. We conclude that it does not. While CPLR 7804 (subd [h]) requires that where a triable issue of fact is raised "it shall be tried forthwith", no express provision is made for trial by jury. However, section 1295 of the Civil Practice Act (L 1937, ch 526), the predecessor to CPLR 7804, stated: "If a

triable issue of fact is duly raised, it shall be forthwith tried before a court sitting without a jury, before a referee, or, where the proceeding is *to review a determination* or to compel performance of a duty specifically enjoined by law * * * before a court and a jury" (emphasis added). With respect to mandamus proceedings section 1333 of the Civil Practice Act (L 1920, ch 925), the predecessor to section 1295 of the same act, stated that "An issue of fact, joined as prescribed in this article, *must be tried by a jury,* unless a jury trial is waived" (emphasis added). In our view, CPLR 7804 was intended to continue all rights to jury trial set forth in section 1295 of the Civil Practice Act. The CPLR Advisory Committee, in commenting on CPLR 7804, stated: "There is a right to trial by jury in proceedings in the nature of mandamus [citations omitted] and on certain issues in proceedings in the nature of certiorari [citation omitted] but not in proceedings in the nature of prohibition" (NY Legis Doc, 1958, No. 13, p 404). While it is true that the advisory committee also stated in the same paragraph from which the above citation was extrapolated that "The proposed subdivision does not state in what actions jury trial is available, or what questions are to be submitted to the jury since these are matters which are governed by the historical rights under the writs", the inference is inescapable that the advisory committee felt that the statutory command that issues of fact "shall be tried forthwith" clearly evidenced the legislative intent that the historical right to have such issues tried before a jury be maintained. Further, CPLR 410, which applies to all special proceedings, including those commenced pursuant to article 78, is fully consistent with the retention of all historical rights to jury trials. It states: "If issues [of fact] are *triable of right by jury,* the court shall give the parties an opportunity to demand a jury trial of such issues" (emphasis added). We reject respondent's view that since CPLR 7804 (subd [h]) is silent with respect to those actions in which a jury trial is available, resort to CPLR 4101 (subd 3), which provides that issues of fact shall be tried by a jury in "any other action in which a party is entitled by the constitution or by express provision of law to a trial by jury", compels the conclusion that no right to jury trial in a mandamus proceeding to review exists where, as here, there is no historic constitutional right to a jury trial and no express statutory declaration to that effect. Without deciding whether such an argument would prevail if we were considering the right to jury trial in certiorari proceedings, we conclude that it is without merit in a CPLR article 78 proceeding in the nature of mandamus to review. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane and Levine, JJ., concur.

Casey, J., dissents in the following memorandum. Casey, J. (dissenting). The order under review herein is a limited one, concerning only the denial of respondent's motion for a nonjury trial. Since the matter is before us, however, we should expand our review beyond the scope of the majority's decision and determine whether a trial is required at all. I cannot agree with Special Term that petitioner has raised an issue of fact requiring a trial, either with or without a jury, or that a determination after trial of the issue he raises, even if it were decided in petitioner's favor, would entitle him to reinstatement and back pay, which is the relief he seeks. Petitioner was appointed on June 19, 1980 to a position subject to a probationary period of 26 to 52 weeks. After six months, and on December 5, 1980, he received a satisfactory performance report and a recommendation for permanent status. He did not receive a notice that his probationary term was successfully completed which would make his appointment permanent under 4 NYCRR 4.5 (a) (5) (i). Even petitioner admits that his probation was continued through June 17, 1981. His objection and the essence of his claim is that during the second six-month probationary period his supervisor failed to inform him from time to time of his status and progress,

as required by 4 NYCRR 4.5 (a) (5) (iii). During this period his supervisor alleges that petitioner was informed on two or three occasions that his letter writing was ineffective and deficient, that petitioner made a serious mistake in the preparation of an amendment agreement and applied it to the Town of Gorham as well as to the Town of South Bristol, when it pertained only to the latter town, and when confronted, claimed that he had forwarded the amendment to both towns, causing considerable confusion in his office. The supervisor further alleges that petitioner was informed on May 15, 1981 that his performance was not satisfactory and on May 18, 1981, of his options of resigning, attempting a lateral transfer or resigning and applying for reappointment in a comparable title. Petitioner does not deny these allegations but attempts to explain them and gives a different version. He admits that on May 15, 1981 he was advised he would not be employed beyond the end of his probationary period and that on June 2, 1981 a written appraisal of his performance stated that he failed to meet requirements, that the probationary period would be ended and that petitioner would be terminated on June 17, 1981. Petitioner refused to sign this report, as requested. Since there is no requirement in 4 NYCRR 4.5 (a) (5) (iii) that the supervisor inform petitioner of his status and progress in writing, the notifications and discussions outlined above would appear to me to be in substantial compliance with the requirement, and petitioner was terminated on June 17, 1981, within the maximum 52-week period of his probation, and duly notified of such termination by letter dated June 4, 1981. Even if it were determined at trial that there was not substantial compliance with 4 NYCRR 4.5 (a) (5) (iii), such determination would not convert an unsatisfactory performance of duties to a satisfactory one, or entitle petitioner to the relief he seeks. Neither rules and regulations nor any other authorities so provide. As stated in *Matter of King v Sapier* (47 AD2d 114, 116, affd 38 NY2d 960), "[t]he rule has long been established and repeatedly stated that the employment of a probationary appointee may be terminated without specific reasons being given, without charges filed and without a hearing * * * [citations omitted]. Judicial review of such termination is limited to an inquiry as to whether it was made in bad faith and was therefore arbitrary and capricious." On this authority, petitioner's application must be considered one in the nature of mandamus to review, but respondent's determination on the facts in the record regarding the second six-month probationary period was a rational one and that should terminate our inquiry. Since petitioner made no claim of bad faith, there is no necessity of a hearing or a trial of any kind. The petition should be dismissed on the law (see *Matter of King v Sapier, supra*). [115 Misc 2d 641.]