■ In the Matter of MELVIN C. PREDDICE, Appellant, v THOMAS J. CALLANAN, as Director of the Division of Probation of the State of New York, et al., Respondents. — Appeal, by permission, from an order of the Supreme Court at Special Term (Pitt, J.), entered January 3, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, removed the matter from the Jury Trial Calendar and placed it on the Nonjury Trial Calendar. By order entered April 5, 1982, Special Term dismissed two causes of action contained in petitioner's CPLR article 78 petition challenging the termination of his public employment and transferred a third cause of action to Trial Term.* Petitioner thereupon served and filed a Trial Term note of issue on or about July 14, 1982 in which a jury trial was demanded. Contemporaneous with the service and filing of this note of issue, petitioner moved for a trial preference. Respondents did not oppose the motion and an order granting petitioner a trial preference on the Supreme Court Jury Trial Calendar was subsequently entered on November 30, 1982. Dissatisfied with the fact that the sole issue remaining in petitioner's CPLR article 78 application was to be tried before a jury, respondents made a motion to "renew" on December 15, 1982 wherein they sought to have the previous order granting a trial preference modified to indicate that the matter was on the Nonjury Trial Calendar. Special Term granted respondents' motion by order entered January 3, 1983 and permission to appeal that order was granted petitioner by a Justice of this court. Initially, it should be noted that respondents' attempt to remove this matter from the Supreme

* Special Term's action in dismissing the first two causes of action has been upheld on appeal (*Matter of Preddice v Callanan*, 92 AD2d 1040).

Court Jury Trial Calendar was improperly characterized as a motion to "renew". Since the motion was not based on any new or additional proof, it was in reality a motion to reargue. Objections to a demand for a jury trial contained in a note of issue should be made by a timely motion to strike the note of issue (see 22 NYCRR 103.5) or, in those instances in which the filing of the note of issue is accomplished by a motion for a preference, by bringing the matter to the court's attention in the opposing papers. In the instant case, where neither of these alternatives were utilized, respondents are able to bring the issue of petitioner's entitlement to a jury trial before this court for review by virtue of Special Term's determination granting them the opportunity to argue an issue which could have been raised in opposition to the motion for a trial preference. Having decided that the issue is properly before us, we now turn to the merits. Since petitioner was a provisional employee at the time of his discharge and thus not entitled to a hearing in connection therewith (see Civil Service Law, § 75), any attempt to challenge his discharge as a governmental employee is in the nature of mandamus to review (*Matter of De Milio v Borghard,* 55 NY2d 216, 220). This court has recently held that a petitioner seeking CPLR article 78 relief in the nature of mandamus to review is entitled to a trial by jury (*Matter of Green v Commissioner of Environmental Conservation,* 94 AD2d 872). Accordingly, Special Term erred in removing this matter from the Jury to the Nonjury Trial Calendar. Order reversed, on the law, with costs, and matter reinstated on the Albany County Supreme Court Jury Trial Calendar with a trial preference. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.