In the Matter of MELVIN C. PREDDICE, Appellant, v THOMAS J. CALLANAN, as Director of the Division of Probation of the State of New York, et al., Respondents.

Third Department, January 30, 1986

**APPEARANCES OF COUNSEL**

*Hinman, Straub, Pigors & Manning, P. C. (William F. Sheehan* of counsel), for appellant.

*Robert Abrams, Attorney-General (William J. Kogan* and *Peter H. Schiff* of counsel), for respondents.

*Richard E. Casagrande (William P. Seamon* of counsel), for New York State Public Employees Federation, *amicus curiae.*

**OPINION OF THE COURT**

HARVEY, J.

The primary issue raised on this appeal is whether reinstatement and back pay are appropriate remedies for a provisional employee whose services have been determined by a jury to have been terminated in bad faith. In September 1975, petitioner received a temporary appointment as a probation communications consultant with the State Division of Probation, a competitive class job title. He remained in this position until April 1978, when his title was changed to probation public information and media specialist, a contemplated noncompetitive class position. However, an application to reclassify the position as noncompetitive was never approved. Thus, petitioner remained a provisional employee. Petitioner's services were terminated effective February 3, 1982.

Petitioner commenced a CPLR article 78 proceeding alleging that his dismissal was improper because he had not been provided with a pretermination hearing as required by Civil Service Law § 75 and that he had been denied procedural due process. As a third cause of action, he alleged that the termination was made in bad faith. Special Term dismissed the first

two causes of action, but referred the issue of whether petitioner was discharged in bad faith to Trial Term. On appeal, this court affirmed the dismissal of the first two causes of action and held that the issue of whether Special Term erred in ordering a bad-faith hearing was not properly before the court (92 AD2d 1040).

Thereafter, the issue of bad faith was tried before a jury which found in petitioner's favor. Based on this verdict, Special Term issued a judgment which held that petitioner's discharge was motivated by bad faith. However, the court held that, as a former provisional employee, petitioner was not entitled to reinstatement or back pay. This appeal by petitioner ensued.

■ The issue of whether reinstatement and back pay are proper remedies is properly before us. Although this court previously found that petitioner did not have a protected property interest or legal right in permanent employment (92 AD2d 1040, *supra)*, it refused to address the issue of whether a bad-faith hearing was appropriate and, thus, did not rule on what would constitute an appropriate remedy in such a hearing. Since the precise issue was not addressed in the earlier appeal, consideration of petitioner's claim is not barred by the law of the case doctrine *(see, e.g., Holt v County of Tioga,* 95 AD2d 934, *mot to dismiss appeal granted* 60 NY2d 701, *appeal dismissed* 466 US 919).

■ It has previously been held that reinstatement and back pay are not remedies available to a wrongfully terminated provisional employee *(Ranus v Blum,* 96 AD2d 1144; *Matter of Serowick v Barry,* 91 AD2d 866). Although reinstatement is a remedy for the arbitrary termination of a probationary employee *(see, e.g., Matter of Wilborn v Starr,* 58 AD2d 785), it does not follow that such a remedy is available to a provisional employee, whose status is significantly different from that of a probationary employee. For example, at the end of the probationary employee's successful completion of his probationary period, he may obtain full protection under the Civil Service Law. No like statement can be made about provisional employees. Thus, while reinstatement of a probationary employee to permanent status provides a real remedy, reinstatement of a provisional employee is but an illusory solution. Additionally, the remedy that petitioner seeks would produce the anomalous result of awarding back pay for a period of over three years to a provisional employee who,

pursuant to Civil Service Law § 65 (2), is expressly limited to an appointment of nine months.

The concerns of petitioner and the New York State Public Employees Federation, AFL-CIO, as stated in its *amicus curiae* brief, that an employer could circumvent the civil service requirements by using provisional employees on a long-term basis is a problem properly addressed to the Legislature, not this forum.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment affirmed, without costs.