◼ EDWARD JOY COMPANY, INC., Appellant, v McGUIRE & BENNETT, INC., et al., Respondents. [634 NYS2d 266] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 16, 1995 in Tompkins County, which granted certain defendants' motion to vacate that portion of plaintiff's note of issue demanding a jury trial.

Plaintiff originally commenced this lawsuit in Onondaga County, joining three causes of action for breach of contract against defendant McGuire & Bennett, Inc., a general contractor, with a cause of action against all defendants seeking foreclosure of plaintiff's mechanic's lien filed in connection with work performed by plaintiff on property owned by defendant Ithaca College. Following a motion by defendants for a change of venue, it was ultimately determined by the Fourth Department that the proper venue for the action is Tompkins County, the location of the real property against which plaintiff filed the mechanic's lien (199 AD2d 1015). Upon plaintiff's filing of a note of issue containing a jury demand, defendants moved to

vacate the note of issue on the ground of, *inter alia*, their assertion that plaintiff is not entitled to a jury trial on its claims. Supreme Court granted defendants' motion to the extent of striking the jury demand from plaintiff's note of issue. Plaintiff now appeals.

There must be an affirmance. Supreme Court correctly held that by joining legal and equitable causes of action arising out of the same transaction, plaintiff waived its right to a trial by jury (*see, Di Menna v Cooper & Evans Co.*, 220 NY 391, 396; *Mirasola v Gilman*, 104 AD2d 932; *Cowper Co. v Buffalo Hotel Dev. Venture*, 99 AD2d 19, 21; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4102:6, at 212). We have examined the various arguments advanced by plaintiff urging us to reach a different result and find them to be unpersuasive.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.