■ In the Matter of VERONICA MANSELL, Appellant, v CITY OF NEW YORK et al., Respondents. [758 NYS2d 39] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 1, 2002, which, in a proceeding to annul respondent New York City Health and Hospitals Corporation's (HHC) termination of petitioner's employment as a provisional public health educator, and seeking, inter alia, petitioner's reinstatement to that position, insofar as appealed from as limited by petitioner's brief, granted HHC's motion to dismiss the petition for failure to state a cause of action, and denied petitioner's cross motion to amend her petition to allege that respondent New York City Housing Authority discriminated against her on the basis of disability in refusing to reinstate her to her former position with that agency as a community associate, unanimously affirmed, without costs.

As petitioner concedes, because her employment with HHC was in a provisional position, she would not be entitled to reinstatement to that position or back pay even if, as she alleges, her termination were based on HHC's erroneous belief that she was simultaneously employed by the Housing Authority, and therefore in violation of rules against dual employment (*Matter of Preddice v Callanan*, 114 AD2d 134, 136 [1986], *affd* 69 NY2d 812 [1987]). Nor does petitioner allege circumstances sufficient to show the likely dissemination of stigmatizing information by HHC as would entitle her to a name-clearing hearing (*see Matter of Swinton v Safir*, 93 NY2d 758, 765 [1999]). While it appears from the petition that HHC mistakenly suspended petitioner for dual employment, the only reason it gave for terminating her was that her services as a provisional public health educator were "no longer required."

The motion court also properly denied petitioner's cross motion to amend her petition to allege that respondent Housing Authority refused to reinstate her to her former position with that agency after she had recovered from a work-related disability, and that such disability was the reason for such refusal. Documentary evidence establishes that petitioner resigned from her position at the Housing Authority after she was put on disability leave, and therefore forfeited any right she might otherwise have had to re-employment after her disability ended (*see Mountleigh v City of New York*, 191 AD2d 291, 292 [1993], *lv denied* 83 NY2d 753 [1994]). In any event, the proposed pleading is bereft of allegations sufficient to permit an infer-

ence of discrimination, and the cross motion lacks evidentiary materials showing the merits of that claim (*see Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 209 [1991]; *Nab-Tern Constructors v City of New York*, 123 AD2d 571, 572 [1986]). Concur— Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.