Matter of Briere v City of Schenectady (2022 NY Slip Op 00236)





Matter of Briere v City of Schenectady


2022 NY Slip Op 00236


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

533076
[*1]In the Matter of Jeffrey Briere, Appellant,
v
City of Schenectady, Respondent.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered December 1, 2020 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to strike petitioner's note of issue and demand for a jury trial.
In 2018, petitioner was provisionally appointed to the position of code enforcement officer. However, after failing the civil service exam for that position, petitioner was terminated. Thereafter, petitioner commenced this CPLR article 78 proceeding to, among other things, review the determination terminating his employment and restore him to his provisional position as a code enforcement officer or to his prior position as a housing inspector, together with back pay. Respondent answered petitioner's application and Supreme Court ordered a trial on several factual issues. Petitioner subsequently requested a jury trial while respondent requested a bench trial. Respondent opposed petitioner's request and petitioner filed a note of issue demanding a trial by jury. Respondent moved to strike this note of issue, which petitioner opposed. Supreme Court granted respondent's motion to strike the note of issue. Petitioner appeals.
Initially, no appeal as of right lies from this nonfinal order issued in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]; Matter of Robinson v DiNapoli, 172 AD3d 1513, 1515 n [2019], lv dismissed and denied 34 NY3d 1144 [2020]; Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1484-1485 [2019]). However, "in the interest of judicial economy, we treat the notice of appeal as a request for permission to appeal and grant the request" (Matter of Aron Law PLLC v Town of Fallsburg, 199 AD3d 1286, 1289 [2021]; see CPLR 5701 [c]), and then reach the merits of this fully briefed issue.
Here, because petitioner was a provisional employee when he was terminated and was not entitled to a hearing regarding his termination, "any attempt to challenge his discharge as a governmental employee is in the nature of mandamus to review" thus entitling him to a jury trial (Matter of Preddice v Callanan, 96 AD2d 613, 614 [1983]; see Matter of Green v Commissioner of Envtl. Conservation of State of N.Y., 94 AD2d 872, 872-873 [1983]). However, petitioner has joined legal and equitable claims arising out of his termination, therefore waiving his right to a jury trial (see Margesson v Bank of N.Y., 291 AD2d 694, 698 [2002]; see also Zutrau v ICE Sys., Inc., 128 AD3d 1058, 1059 [2015], lv denied 26 NY3d 907 [2015]; Ayromlooi v Staten Is. Univ. Hosp., 7 AD3d 475, 475-476 [2004]; Matter of Schapira v Grunberg, 12 Misc 3d 1195[A], 2006 NY Slip Op 51585[U], *5 [Sup Ct, Bronx County 2006]).[FN1] Accordingly, we discern no error in Supreme Court granting respondent's motion to strike petitioner's note of issue.
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although both cases cited by petitioner, Matter of Green v Commissioner of Envtl. Conservation of State of N.Y. (supra) and Matter of Preddice v Callanan (supra), support petitioner's general right to a jury trial on the mandamus to review claim, neither decision carves out an exception as to waiver.