Aroch v 391 Broadway LLC (2022 NY Slip Op 02187)





Aroch v 391 Broadway LLC


2022 NY Slip Op 02187


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 158856/17 Appeal No. 15641 Case No. 2021-04662 

[*1]Guy Aroch Plaintiff-Appellant,
v
391 Broadway LLC et al., Defendants-Respondents.


Abraham PLLC, New York (Joshua E. Abraham of counsel), for appellant.
Rivkin Radler LLP, New York (Kenneth A. Novikoff of counsel), for respondents.



Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about November 22, 2021, which granted defendants' motion to strike plaintiff's demand for a jury trial, unanimously affirmed, without costs.
The court properly struck plaintiff's jury demand, as it is undisputed that plaintiff's claim for foreclosure on a vendee's lien is an equitable claim (Honua Fifth Ave. LLC v 400 Fifth Realty LLC, 111 AD3d 579, 580 [1st Dept 2013]), and a review of the complaint reveals that the case sounds in equity (see Kaplan v Long Is. Univ., 116 AD2d 508, 509 [1st Dept 1986]). When, as here, the "complaint either joins legal and equitable causes of action arising out of the same alleged wrong or seeks both legal and equitable relief, there is a waiver of a plaintiff's right to a jury trial" (Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 459 [1st Dept 2019]). The fact that plaintiff is seeking money damages "does not, in and of itself, guarantee entitlement to a jury trial" (Phoenix Garden Rest. v Chu, 234 AD2d 233, 234 [1st Dept 1996]). Furthermore, plaintiff himself characterized the action as one sounding in equity in the note of issue, thus waiving his right to a jury trial.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022