Pelletier v Morgan (2023 NY Slip Op 04167)

Pelletier v Morgan

2023 NY Slip Op 04167

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

535692
[*1]Nicole Pelletier, Appellant,
v
Robert J. Morgan et al., Respondents.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

The Crossmore Law Office, Ithaca (Andrew P. Melendez of counsel), for appellant.
Coughlin & Gerhart LLP, Ithaca (Dirk A. Galbraith of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Mark G. Masler, J.), entered June 8, 2022 in Tompkins County, which granted defendants' motion to strike plaintiff's jury demand.
The facts of this matter are familiar to this Court, having been the subject of a prior appeal (215 AD3d 1153 [3d Dept 2023]). Insofar as relevant here, plaintiff entered into a land contract with defendant Morgan Shedlock LLC and defendant Robert J. Morgan, managing member of Morgan Shedlock, to purchase two parcels of land in the Town of Caroline, Tompkins County. Under such contract, plaintiff agreed to make certain monthly payments and, if she defaulted on such payments, Morgan Shedlock was entitled to accelerate the debt and then, if plaintiff failed to make full payment, retain her prior payments as rent and commence an eviction proceeding against her. Plaintiff subsequently defaulted and, rather than proceeding through the eviction process,[FN1] the parties entered into a termination agreement waiving any claims arising out of the land contract against the other. In return, plaintiff committed to vacating the premises and that defendants would be entitled to possession at such time.
Thereafter, plaintiff commenced this action seeking, among other things, declaratory and injunctive relief, including recission of the termination agreement and damages relating to defendants' efforts to eject her from the property. Following service of an amended complaint, defendants served an amended answer and moved for partial summary judgment. Supreme Court (McBride, J.) denied such motion, which this Court affirmed (id. at 1154-1156). Plaintiff then filed a note of issue demanding a trial by jury. Defendants moved to strike this note of issue, which was opposed by plaintiff. Supreme Court (Masler, J.) granted such motion, and plaintiff appeals.
We affirm. It is well settled that, when "the complaint either joins legal and equitable causes of action arising out of the same alleged wrong or seeks both legal and equitable relief, there is a waiver of a plaintiff's right to a jury trial" (Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 459, 459 [1st Dept 2019], lv dismissed 35 NY3d 1060 [2020]; see CPLR 4101; Matter of Briere v City of Schenectady, 201 AD3d 1189, 1190 [3d Dept 2022]; Margesson v Bank of N.Y., 291 AD2d 694, 698 [3d Dept 2002]). Here, plaintiff joined legal and equitable causes of action arising out of the same transaction — the execution of the termination agreement — and has therefore waived her right to a jury trial (see CPLR 4102 [c]). Inasmuch as plaintiff seeks recission of that termination agreement and a declaration that she is the rightful owner of the subject property,[FN2] contrary to her contention, her relief cannot be obtained solely by a monetary judgment (see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 481, 482 [2d Dept 2009]; Edward Joy Co. v McGuire & Bennett, 221 AD2d 891, 891-892 [3d Dept [*2]1995]). Nor is this cause of action incidental to the remaining claims in the amended complaint (see Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 176 AD3d at 459). Indeed, plaintiff acknowledged in two of her causes of action that she did not have an adequate remedy at law (see Aroch v 391 Broadway LLC, 203 AD3d 642, 642 [1st Dept 2022]). We have considered the parties' remaining contentions and have found them to be academic or without merit.
Egan Jr., J.P., Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The record contains certain references of allegedly unsuccessful efforts made by defendants to evict plaintiff, none of which affect the disposition herein.

Footnote 2: According to the complaint, defendants subdivided the property subject to the land contract and have sold all but one parcel; plaintiff contends that she is entitled to a declaration that she is the lawful owner of same, plus damages.