■ PETER CALDOVINO, Respondent, v. THOMAS A. SCALA, Defendant, and LUCY SCALA, Appellant.— In a judgment creditor's action, pursuant to section 795 of the Civil Practice Act, the appeal is from an order made on respondent's motion, granting, without the imposition of terms, leave to serve a second amended complaint, insofar as the order denied appellant's request that she be permitted to demand a jury trial and insofar as it fails to impose terms as a condition of the amendment. The parties proceeded to trial before the court, without a jury, on the issues raised by the amended complaint and the answer thereto. The gravamen of the action was that appellant, Lucy Scala, was indebted to the judgment debtor, defendant Thomas Scala, by virtue of the fact that she was holding in her name certain assets including those of a business known as Scala Bike Company, which were in fact owned by the judgment debtor, her husband, who had operated and controlled the business and received all the income derived therefrom. On the trial respondent attempted to conform the pleadings to the proof so as to allege that appellant was also withholding the profits of the business and was indebted to the judgment debtor on account of such profits and salary earned by him in the conduct of the business and unpaid by appellant. The motion to conform the pleadings was denied, because of a plea of surprise, and a mistrial was declared so that respondent might move to amend the complaint so as to include the claim to salary and profits. Order insofar as appealed from affirmed, without costs. We shall assume, as the parties have, that appellant had a constitutional right, in the first instance, to a jury trial of the issues, which was waived by proceeding to trial without a jury (Civ. Prac. Act, § 426). The trial minutes have not been submitted, and we are unable to determine whether the evidence as to salary and profits withheld by appellant was admitted over objection, or on consent, or whether there was acquiescense in the declaration of the mistrial, or even whether or not terms were imposed thereon. It does not appear from the record submitted that the further amendment of the complaint constitutes such a change in the nature of the action as to permit the retraction of the waiver of a jury trial. Apparently, the motion to amend would have been granted on the trial, if it had not been for the claim of surprise. In the absence of a material change in the issues, appellant, having waived her right to a jury trial, may not retract that waiver, which remains operative during the life of the litigation (cf. *Tracy* v. *Falvey,* 102 App. Div. 585; *Laventhall* v. *Fireman's Ins. Co. of Newark, N. J.,* 266 App. Div. 756; *Vincent* v. *Cooperman,* 283 App. Div. 812). Under the circumstances disclosed, we see no abuse of discretion in the failure of the Special Term to impose terms as a condition of the amendment (cf. *Kyle* v. *City of New York,* 155 App. Div. 401). Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.