■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and HARRY E. STEIN, Individually and as Guardian of ZIA STEIN, an Infant, et al., Respondents.— Order unanimously reversed on the law and facts, without costs of this appeal to any party, and matter remitted to Erie Special Term for further proceedings in accordance with the memorandum. Memorandum: Petitioner, Motor Vehicle Accident Indemnification Corporation (MVAIC) appeals from an order of the Supreme Court (Erie County) which denied its application to stay arbitration and to dismiss claimants' demand therefor and determined, as a matter of law, that claimants' claims were timely filed. The demand for arbitration was made pursuant to the provisions of a New York automobile accident indemnification endorsement (MVAIC endorsement) contained in an automobile liability insurance policy covering an automobile owned by claimant-respondent, Lloyd A. Rowell. The endorsement provided, among other things, for recovery against MVAIC for bodily injury to an insured caused by an uninsured automobile. On June 13, 1962 claimants were occupants of an automobile owned by the named insured and operated by his daughter, Mary Rowell, when it collided with an automobile owned and operated by Harold Holtz. By the endorsement MVAIC insured any person while occupying an automobile of the named insured and agreed to pay "all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile". As a condition precedent, however, the policy required that a notice of claim be filed with MVAIC "Within 90 days or as soon as practicable" after the occurrence of the accident. Notice was not received by MVAIC until December 4, 1962, 174 days after the accident. On April 19, 1963 claimants filed with MVAIC a demand for arbitration as to whether claimants are entitled to recover damages from the owner or operator of the uninsured automobile. MVAIC thereupon instituted this proceeding to dismiss the demand or to stay arbitration and determine by a jury trial whether claimants gave timely notice of claim. In opposition to the application, claimants' attorney submitted his affidavit alleging that he was retained by all claimants on June 15, 1962; he conducted an investigation and learned that the driver of the other vehicle was Harold Holtz and was advised that Holtz was a Deputy Sheriff of Erie County; he wrote letters to Holtz on July 18 and October 30, 1962 advising him of deponent's representation of claimants and requesting Holtz to turn the letters over to Holtz' insurance carrier; on November 21, 1962, Holtz was served with a summons on behalf of each claimant and Holtz then informed deponent that there was some question as to whether he was insured. Utica Mutual Insurance Company in answer to deponent's letter of November 21,

1962 notified deponent on November 28 that it had cancelled Holtz' insurance prior to the accident; on December 3, 1962 deponent informed MVAIC that he represented claimants and that they intended to make claims. These evidentiary facts raised a substantial issue as to the timeliness of the notice. "The provision for notice in the subject policy may be interpreted to provide only that a notice of claim must be filed within a reasonable time. * : * Whether or not notice has been given within a reasonable time, necessarily includes a determination of the diligence of claimant and is basically a factual issue." (*Matter of MVAIC* [*Brown*], 15 A D 2d 578.) The court below undertook to decide the timeliness of the notice on the basis of the affidavits and determined as a matter of law that notice was given as soon as practicable. The question should not have been decided on affidavits but a plenary hearing should have been held to determine the factual issue here presented. (*Matter of Domser* v. *O'Boyle*, 18 A D 2d 1133.) "Where dispute appeared as to the preliminary issue ° * * a jury trial was the appropriate procedure for settling it." (*Matter of Rosenbaum* [*Amer. Sur. Co., N. Y.*], 11 N Y 2d 310, 313.) Petitioner's application to stay arbitration is made under CPLR 7503 (subd. [b]). It asks for a jury trial of the issue of the timeliness of the notice of claim. Under section 1450 and subdivision 2 of section 1458 of the Civil Practice Act the parties to an arbitration agreement had the right to a jury trial on the issue of failure to comply with a contract to arbitrate. "Although the specific provisions of section 1450 and 1458 (2) are omitted from the CPLR, the new arbitration provisions were 'not intended to eliminate trial by jury if it is desirable or constitutionally required.' " (Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4101.28, 7503.24, 409.03, 410.01, 2218.01.) A jury trial should be had on the issue of the timeliness of giving notice of claim. (Appeal from order of Erie Special Term denying motion to stay arbitration.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.