### (May 5, 1970)

■ 110 Manno Realty Corp., Respondent, v. Town of Huntington, Appellant.— Appeal from order of the Supreme Court, Suffolk County, entered January 16, 1970, dismissed as moot, without costs. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

### (May 11, 1970)

■ The People of the State of New York, Respondent, v. Michael Virgilio, Appellant.— On the court's own motion, the decision dated April 6, 1970 (34 A D 2d 653) is amended so as to delete the last sentence therein; accordingly, the decision, as thus amended, is as follows: " Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 27, 1968, convicting him of grand larceny in the first degree, after a nonjury trial, and imposing sentence. Appeal dismissed insofar as defendant seeks review of two orders of said court, one dated October 30, 1967 denying his motion, inter alia, to dismiss the indictment and the other, dated May 7, 1968, which, on reargument, adhered to the determination in the order of October 30, 1967. Review of these orders is academic in view of the determination herein with respect to the judgment. Judgment reversed, on the law and the facts, and indictment dismissed. In our opinion, the circumstantial evidence, upon which the People relied exclusively, failed to exclude to a moral certainty every other hypothesis except defendant's guilt of the crime charged, viz., stealing and appropriating for his own use cement belonging to his employer valued in excess of $500 (Richardson, Evidence [9th ed.], § 152). Christ, Acting P. J., Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment. (Beldock, P. J., deceased.) " Christ, P. J., Munder, Martuscello and Benjamin, JJ., concur.

■ Anthony Drugs of Bethpage, Inc., Appellant, v. Local 1199 Drug and Hospital Union, AFL–CIO, Respondent.— In a proceeding to stay arbitration, petitioner appeals from two orders of the Supreme Court, Nassau County, the first dated December 8, 1969, which granted respondent's motion to open its default in opposing the proceeding, and the second dated January 6, 1970, which granted respondent's motion to vacate petitioner's demand for a jury trial on the issue of whether or not there was a valid agreement to arbitrate. Order dated December 8, 1969 affirmed. No opinion. Order dated January 6, 1970 reversed, on the law, and respondent's motion to vacate the demand for a jury trial denied. Appellant is awarded $10 costs and disbursements to cover both appeals. Although the CPLR does not make express provision for trial by jury of matters preliminary to arbitration, it was not the intent of the framers to thereby eliminate trial by jury where constitutionally required or desirable (Matter of MVAIC [Stein], 23 A D 2d 526, 527; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7503.24; 22 Carmody Wait 2d, New York Practice, § 141:74). The contention that a party has not bound himself to arbitrate raises a factual question which entitles him to a trial by jury (Matter of Finsilver, Still & Moss v. Goldberg, Maas & Co., 253 N. Y. 382, 390; Matter of Bernson Silk Mills v. Siegel & Co., 256 App. Div. 617, 620). Christ, P. J., Hopkins, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)