■ ELAINE HELLER, Respondent, v. BERTRAM HACKEN, Appellant.— In an action for money damages and an injunction, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, entered September 13, 1972, as (1) denied his motion to strike the action from the Equity Jury Calendar and place it on the Equity Nonjury Calendar and (2) granted plaintiff's oral cross motion for leave to discontinue the second cause of action (for an injunction) in plaintiff's complaint. Order reversed insofar as appealed from, with $10 costs and disbursements; defendant's motion granted; and plaintiff's oral cross motion denied. By joining a claim for equitable and legal relief arising out of the same transaction, plaintiff waived her right to trial by jury (CPLR 4102, subd. [c]; *Vincent* v. *Cooperman*, 283 App. Div. 812). We are presented here with a situation in which plaintiff is seeking to be relieved from her decision to join the legal and equitable causes. If defendant were seeking to preserve his jury right arising from this joinder,

we would have an altogether different issue and defendant's jury right would be preserved (*Vinlis Constr. Co. v. Roreck*, 23 A D 2d 895). Further, CPLR 4102 (subd. [e]) will not serve to relieve a plaintiff of his deliberate choice to join legal and equitable causes. That subdivision is designed to aid parties whose waiver has resulted through inadvertence or error in the procedural aspects of CPLR 4102 (subd. [a]) and its provisions relating to demand for a jury trial. Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.