■ INDEPENDENT CHURCH OF THE REALIZATION OF THE WORD OF GOD, INC., Appellant, v BOARD OF ASSESSORS OF NASSAU COUNTY, Respondent.—In an action for a judgment declaring certain real property owned by plaintiff to be tax exempt, it appeals from an order of the Supreme Court, Nassau County, dated January 24, 1979, which granted defendant's motion for leave to serve a demand for a jury trial *nunc pro tunc* as of November 1, 1978. Order reversed and motion denied, with $50 costs and disbursements. The principal issue on this appeal is whether defendant is entitled to a jury trial in a declaratory judgment action the object of which is a determination that real property owned by the plaintiff is tax exempt. The right to a trial by jury is guaranteed by section 2 of article I of the New York State Constitution "in all cases in which it has heretofore been guaranteed by constitutional provision". The effect of this provision was to "freeze" the right to a jury trial to those types of cases in which it was recognized at common law or by statute as of the adoption of the Constitution of 1894 (see 7 Carmody-Wait 2d, NY Prac, § 49:2). However, the right to a trial by jury is not strictly limited to merely those instances in which it was actually used as of 1894 but it also extends to such new types of cases as are analogous to those which were traditionally tried by a jury *(Wynehamer v People,* 13 NY 378, 426; *Colon v Lisk,* 153 NY 188, 193). The declaratory judgment action was created in New York in 1921 with the adoption of the Civil Practice Act (Civ Prac Act, § 473; Siegel, Practice Commentaries, McKinney's Cons Laws of

NY, Book 7B, CPLR 3001:2), and since it was unknown to the law at the time the right to a jury trial was frozen in 1894, it is necessary to examine which of the traditional actions would most likely have been used to present the instant claim had the declaratory judgment action not been created (Siegel, New York Practice, § 439). Traditionally the action used to challenge the validity of a tax assessment was the action to vacate the assessment as a lien upon the real property which was a cloud on title (*Elmhurst Fire Co. v City of New York,* 213 NY 87). An action to vacate or declare a lien on real property is equitable in nature (*Strusburgh v Mayor of City of N. Y.,* 87 NY 452, 455) and as such is not entitled to a trial by jury (cf. *Kopp v Wolf,* 17 Misc 2d 763, 765). If we were not deciding this issue on the merits we would nevertheless hold that the defendant was not entitled to *nunc pro tunc* relief. Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.