■ LORETTA SEPINSKI et al., Respondents-Appellants, v LEIF BERGSTOL et al., Appellants-Respondents, et al., Defendants. — In an action for money damages and an injunction, defendants Lief Bergstol and North Rockland Associates, Inc., appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Rockland County, entered August 14, 1980, as denied their motion to strike plaintiffs' demand for a jury trial and granted that part of plaintiffs' cross motion which sought leave to serve an amended complaint eliminating their demand for equitable relief, and (2) from a further order of the same court, entered October 9, 1980, which, upon plaintiffs' motion, denominated one "for leave to renew and/or reargue", adhered to the original determination. (We deem plaintiffs' motion to be one to

resettle the order entered Aug. 14, 1980, and the order to be one denying the motion.) Plaintiffs cross-appeal from so much of the order entered August 14, 1980 as denied the branch of their cross motion which sought to amend their complaint to increase the *ad damnum* clause. Cross appeal dismissed on ground that it was not properly perfected. Appeal from the order entered October 9, 1980 dismissed. Defendants Bergstol and North Rockland Associates, Inc., were not aggrieved thereby. Order entered August 14, 1980 modified, by (1) deleting the provision denying the motion of defendants Bergstol and North Rockland Associates to strike plaintiffs' demand for a jury trial and substituting a provision granting such motion, and (2) deleting the provision granting that part of plaintiffs' cross motion which sought leave to discontinue the demand for equitable relief and substituting a provision denying same. As so modified, order affirmed insofar as appealed from. Appellants-respondents are awarded one bill of $50 costs and disbursements. By joining claims for equitable and legal relief arising out of the same transaction, plaintiffs waived their right to a trial by jury and, accordingly, the motion to strike plaintiffs' jury demand should have been granted (see CPLR 4102, subd [c]; *Vincent v Cooperman*, 283 App Div 812). Plaintiffs who make an intentional choice to join equitable and legal causes based upon the same transaction cannot be relieved from their waiver of the right to a jury trial, on the eve of trial (see CPLR 4102, subd [e]; *Heller v Hacken*, 40 AD2d 1012). Mangano, J.P., Rabin, Margett and Weinstein, JJ., concur.