■ BERNARD TANENBAUM, Respondent, v ANCHOR SAVINGS BANK, Appellant, et al., Defendants. — In an action, *inter alia,* to recover damages for breach of an alleged lease, defendant Anchor Savings Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated November 12, 1982, as denied its motion for summary judgment dismissing plaintiff's complaint as against it, or, in the alternative, to strike plaintiff's demand for a jury trial. Order modified, on the law, by deleting the provision denying appellant's motion in its entirety and substituting therefor a provision granting said motion to the extent of dismissing plaintiff's sixth cause of action as against appellant, striking plaintiff's demand for a jury trial and denying the motion in all other respects. As so modified, order affirmed insofar as appealed from, without costs or disbursements. "Prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful * * * An essential element of the cause of action is an allegation of special damages [which] must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts" (*Lincoln First Bank of Rochester v Siegel,* 60 AD2d 270, 279-280). In the instant case, plaintiff has not alleged special damages with sufficient particularity. Moreover, plaintiff has not presented a factual basis for a prima facie tort cause of action against appellant inasmuch as he has not alleged that it acted without excuse or justification and solely out of malice in its dealings with him (cf. *Drago v Buonagurio,* 46 NY2d 778, 779; *Beardsley v Kilmer,* 236 NY 80; *Lincoln First Bank of Rochester v Siegel, supra*). Since plaintiff has failed to raise any triable issue of fact with respect to the sixth cause of action for prima facie tort as against appellant, summary judgment should be granted to it dismissing that cause of action. In addition, the branch of appellant's motion which sought to strike plaintiff's jury demand should have been granted. By joining claims for equitable and legal relief arising out of the same transaction, plaintiff waived his right to trial by jury (see CPLR 4102, subd [c]; *Heller v Hacken,* 40 AD2d 1012). CPLR 4102 (subd [e]) will not serve to relieve a plaintiff of his deliberate choice to join legal and equitable causes (see *Sepinski v Bergstol,* 81 AD2d 860; *Panarella v Penthouse Int.,* 64 AD2d 545). We have considered appellant's other contentions and find them to be without merit. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.