■ SEBASTIAN A. MATCZAK, Appellant, v IRWIN A. NOVICK et al., Respondents. — In an action for a declaratory judgment that an option to extend a lease is a nullity, plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated October 3, 1983, which granted defendants' motion for summary judgment and dismissed the complaint.

Order modified, on the law, by adding a provision thereto declaring that the "Rider to Lease" dated September 1, 1981 constituted, *inter alia,* a valid option to defendants to extend the lease in question to September 30, 1984. As so modified, order affirmed, with costs to the defendants (see *Lanza v Wagner,* 11 NY2d 317, 324, app dsmd 371 US 74, cert den 371 US 901). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.

■ PETER MIRASOLA et al., Appellants, v HENRY D. GILMAN, Respondent. — In an action for money damages and equitable relief, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 29, 1984, which denied their motion, made pursuant to CPLR 4101 and 4102, for an order directing the calendar clerk to accept their demand for a jury trial.

Order affirmed, without costs or disbursements.

By deliberately joining legal and equitable causes of action arising out of the same transaction, plaintiffs waived their right to a trial by jury (see *Tanenbaum v Anchor Sav. Bank,* 95 AD2d 827; *Vincent v Cooperman,* 283 App Div 812). The subsequent removal of the equitable claims from the case through a partial settlement did not revive that right (cf. *Panarella v Penthouse Int.,* 64 AD2d 545; *Heller v Hacken,* 40 AD2d 1012). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.