OPINION OF THE COURT
Richard S. Lane, J.
Defendant seeks to strike plaintiff’s jury demand pursuant to a lease waiver. As a result of the joinder of causes of action in plaintiff’s complaint, this usually routine motion raises an issue of apparent first impression.
Plaintiff has sued herein for breach of the covenant of quiet enjoyment in her lease and also for the prima facie tort of intentional infliction of mental distress. Both causes of action are premised on the same facts — the continued emanation of *316 loud noises from a control valve and from an elevator malfunctioning. The first cause of action is certainly subject to the lease waiver; the second cause of action is just as certainly not (Real Property Law § 259-c).
It is often said a joinder of legal and equitable claims works a waiver of right to trial by jury. The statement is too broad. The waiver results only when both claims arise out of the same wrong (Di Menna v Cooper & Evans Co., 220 NY 391, 396; Trepuk v Frank, 104 AD2d 780; Tanenbaum v Anchor Sav. Bank, 95 AD2d 827; Sepinski v Bergstol, 81 AD2d 860; Fritschy Corp. v Chase Manhattan Bank, 36 AD2d 600). The rule is to the contrary when the claims arise out of separate wrongs (Regan v Martindale, 72 AD2d 676; Fleischer v Institute for Research in Hypnosis, 57 AD2d 535).
Apparently it is not the presence of two different triers of fact in the same action which is troublesome. The Judge can cope by only submitting the legal issues to the jury or by treating the jury’s determination on the equitable issues as advisory only (see, CPLR 4212). What is troublesome is two different triers of fact passing on the same issues with the possibility of inconsistent results (see, International Playtex v CIS Leasing Corp., 115 AD2d 271).
In the instant case the joinder is not of legal and equitable claims, but rather of two legal claims arising out of the same wrong. There is no right to a trial by jury in one of them not caused by ancient English legal history, but rather by a voluntary contractual act of plaintiff. Should the same rule apply? I have been able to find no precedent in the reported decisions. My answer, however, is "Yes”, because I find the dichotomy codified in reverse buried in the middle of CPLR 4102 (c).
Defendant’s motion is granted.