■ MICHAEL HEBRANKO et al., Respondents, v BIOLINE LABORATORIES, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an indemnity agreement, the defendants appeal from an order of the Supreme Court, Kings County (Golden, J.), dated May 17, 1988, which denied their motion to strike the plaintiffs' jury demand.

Ordered that the order is affirmed, with costs.

The prevailing rule is that the deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial *(see,* CPLR 4102 [c]; *Mirasola v Gilman,* 104 AD2d 932; *Tanen-*

*baum v Anchor Sav. Bank,* 95 AD2d 827). However, the right to a jury trial is to be determined by the facts alleged in the complaint and not by the prayer for relief *(see, e.g., City of Syracuse v Hogan,* 234 NY 457, 461; *Ketcham v Wilbur,* 218 App Div 350, 351, *affd* 244 NY 609; Cunningham and Sullivan, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 4101, at 91). Where a plaintiff alleges facts upon which monetary damages alone will afford full relief, inclusion of a demand for equitable relief in the complaint's prayer for relief will not constitute a waiver of the right to a jury trial *(see, Murphy v American Home Prods. Corp.,* 136 AD2d 229, 232; Cunningham and Sullivan, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 4101, at 91).

An evaluation of the pleadings in the instant case reveals that the gravamen of the plaintiffs' action is to recover damages for breach of an indemnity agreement. Accordingly, the character of the action is essentially legal and even though the prayer for relief contains a demand which is partially equitable in nature, an award of monetary damages only would afford a full and complete remedy to the plaintiffs. Therefore, the trial court properly denied the defendants' motion to strike the jury demand. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.