■ ZIMMER-MASIELLO, INC., Respondent, v ZIMMER, INC., Appellant.—Order of Supreme Court, New York County (William J. Davis, J.), entered December 20, 1989, which, amending its order entered November 24, 1989, *inter alia,* directed the filing of a note of issue, and denied defendant's cross motion to compel discovery of plaintiff's expert and basis for alleged general damages and to strike plaintiff's jury demand, unanimously modified, on the law and facts, to the extent of granting the cross motion to strike plaintiff's jury demand and otherwise affirmed, without costs.

Plaintiff Zimmer-Masiello, Inc. (Masiello) commenced this

action in June 1987 challenging termination of its exclusive distributorship with defendant Zimmer, Inc. (Zimmer), a manufacturer of medical and surgical equipment. The complaint sets forth seven causes of action: (1) breach of fiduciary duty; (2) tortious interference with plaintiff's contractual relationship with its customers; (3) tortious interference with contractual relationships between plaintiff and its employees and salespersons; (4) fraud; (5) breach of the distributorship contract; (6) an accounting and payment of deferred commissions; and (7) an accounting and payment of specified deferred commissions pursuant to an agreement. In addition to monetary damages, the complaint seeks various forms of equitable relief including an injunction, constructive trust and accountings.

Plaintiff immediately sought, but was denied, a temporary restraining order reinstating it as defendant's sales representative. Plaintiff's motion for a preliminary injunction was similarly denied on September 4, 1987, the motion court finding that "the injury to plaintiff may readily be recompensed in monetary damages".

Thereafter, the parties stipulated that 10 days prior to filing of a note of issue, plaintiff would provide defendant with requested disclosure relating to plaintiff's expert trial testimony and damage calculations. Accordingly, on September 13, 1989, after serving interrogatory answers and supplemental answers, plaintiff moved for an order authorizing the filing of a note of issue. Zimmer cross-moved for additional expert and damage disclosure and to strike the jury demand made in plaintiff's proposed note of issue.

By order entered November 24, 1989 the IAS court denied Zimmer's cross motion. The court concluded that plaintiff was entitled to a jury trial since its equitable cause of action had been dismissed and only monetary issues remained. By order entered December 20, 1989 the court amended its previous order by permitting plaintiff to file a note of issue on or before December 31, 1989.

Zimmer appeals from the denial of its cross motion.

Plaintiff has waived its right to a jury trial. When, as here, the complaint either joins legal and equitable causes of action arising out of the same alleged wrong or seeks both legal and equitable relief, there is no right to a jury trial. (O'Rorke v Carpenter, 125 AD2d 223, 224 [1st Dept 1986]; Kaplan v Long Is. Univ., 116 AD2d 508, 509 [1st Dept 1986]; Gabbay v Ratchik, 60 AD2d 593 [2d Dept 1977].) Once the right to a jury trial has been intentionally lost by joining legal and equitable

claims, any subsequent dismissal, settlement or withdrawal of the equitable claim(s) will not revive the right to trial by jury. *(Mirasola v Gilman,* 104 AD2d 932 [2d Dept 1984]; *Kaplan v Long Is. Univ.,* 116 AD2d, *supra,* at 509.)

Moreover, none of plaintiff's causes of action had been dismissed. Rather plaintiff's motions for a temporary restraining order and for a preliminary injunction were denied, the prior motion court having found that there existed an adequate damage remedy.

Indeed, plaintiff's first cause of action for breach of fiduciary duty sounds in equity. Under this cause, plaintiff alleges that defendant threatened plaintiff with immediate destruction of its business and with irreparable harm and that plaintiff has no adequate remedy at law. *(Matter of Rappaport,* 150 AD2d 779, 780 [2d Dept 1989]; *Clearview Gardens First Corp. v Weisman,* 206 Misc 526, 528 [1954], *affd* 285 App Div 927 [1955].)* The claims for an accounting under the sixth and seventh causes as well as under the first cause are also equitable in nature. *(Trepuk v Frank,* 104 AD2d 780, 781 [1st Dept 1984].)

As the factual allegations underlying the first, sixth and seventh causes and the causes for equitable relief arise from the same alleged wrong as the legal claims in causes of action two through five—the allegedly wrongful termination of plaintiff's sales agency—plaintiff has no right to a jury trial.

The IAS court properly denied further discovery. Plaintiff's response to defendant's interrogatories set forth the identity of its experts, the subject matter about which each expert would testify, the formulas utilized, the qualifications of each expert witness, a summary of the grounds for the expert's opinion, the value of its business and the method for calculating claimed damages. (CPLR 3101 [d] [1].) In view of the information provided, the IAS court did not abuse its discretion in determining that plaintiff need not provide defendant with a "breakdown" of its general damage claims for each cause of action. Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.