■ JOE A. WHIPPLE et al., Appellants, v TRAIL PROPERTIES, INC., et al., Respondents. [690 NYS2d 132] —In an action pursuant to RPAPL article 15 to determine title to a parcel of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Ingrassia, J.), dated March 12, 1998, as denied that branch of their motion which was to renew their demand for a jury trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs waived their right to a jury trial by joining legal and equitable causes of action arising from the same transaction and seeking both legal and equitable relief (see, Bockino v Metropolitan Transp. Auth., 224 AD2d 471; Adelstein v City of New York, 212 AD2d 748; Noto v Headley, 21 AD2d 686). The subsequent amendment of the complaint to eliminate the equitable cause of action and demand for equitable relief did not revive that right (see, Zimmer-Masiello, Inc. v Zimmer, Inc., 164 AD2d 845; Kaplan v Long Is. Univ., 116 AD2d 508; Mirasola v Gilman, 104 AD2d 932). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.

■ KENNETH WILLIAMS, Appellant, v BRENTWOOD WHOLESALE, INC., et al., Respondents. [688 NYS2d 894] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Henry, J.), dated April 6, 1998, which, inter alia, granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted summary judgment to the defendants dismissing the complaint. The plaintiff's personal injury cause of action is barred by the exclusive remedy provisions of the Workers' Compensation Law (see, Gonzales v Armac Indus., 81 NY2d 1). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.