■ In the Matter of ORANGE COUNTY DEPUTY SHERIFFS' PO-LICE BENEVOLENT ASSOCIATION et al., Appellants, v ORANGE COUNTY et al., Respondents. [721 NYS2d 263] —In a proceeding pursuant to CPLR article 75 to compel arbitration, the petitioners appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 24, 2000, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for a hearing and new determination in accordance herewith.

The Supreme Court improvidently exercised its discretion in failing to conduct a hearing to determine if the petitioners had timely filed a demand for arbitration pursuant to the provisions of the collective bargaining agreement. Service of the decision at issue upon the landlord of the petitioner Clifford Barber, Jr. (hereinafter Barber), did not constitute receipt of the decision by Barber. However, issues of fact were raised as to when the demand for arbitration was filed, thereby requiring a hearing (*see,* CPLR 7503 [a], [c]). A prompt hearing is required when the filing of a timely demand for arbitration is a condition precedent to arbitration, and issues are presented as to whether the demand was timely filed (*see, Matter of MVAIC [Stein],* 23 AD2d 526; *see also, Grossman v Laurence Handprints-N.J.,* 90 AD2d 95). Accordingly, the matter is remitted to the Supreme Court, Orange County, for a hearing to determine whether the demand for arbitration was timely filed (*see,* CPLR 7503 [a], [c]). S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.