■ In the Matter of the Estate of FRANCES C. CHAMBERS, Also Known as FRANCES C. B. CHAMBERS, Deceased. ROBERT H. DIEDOLF, Appellant; LORETTA CESMAN et al., Respondents, et al., Respondents. (Proceeding No. 1.) In the Matter of the Estate of FRANCES C. CHAMBERS, Also Known as FRANCES C. B. CHAMBERS, Deceased. LORETTA CESMAN et al., Respondents; ROBERT H. DIEDOLF, Appellant. (Proceeding No. 2.) [751 NYS2d 569] —In a proceeding to admit a will to probate, and a related proceeding to invalidate a trust, the appeal is from so much of an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated May 17, 2002, as amended October 3, 2002, as denied the motion of the proponent, Robert H. Diedolf, to strike the objectants' demand for a jury trial in Proceeding No. 1, and directed the jury in that proceeding to sit as an advisory jury in Proceeding No. 2.

Ordered that the order, as amended, is affirmed insofar as appealed from, with costs.

There are currently two proceedings pending in Surrogate's Court, Suffolk County regarding the deceased. Proceeding No. 1 (hereinafter the probate proceeding) seeks to admit her will to probate, and the second proceeding (Proceeding No. 2, hereinafter the trust proceeding) seeks to invalidate a certain trust. The objectants in the probate proceeding, who are also the petitioners in the trust proceeding (hereinafter the objectants),

properly served a demand for a jury trial in the probate proceeding. Thereafter, the Surrogate, inter alia, denied the appellant's motion to strike the jury demand in the probate proceeding, directed that the two proceedings be tried together, and further directed that the jury which would decide the probate proceeding would also sit as an advisory jury in the trust proceeding (*see* SCPA 502 [6]).

Contrary to the appellant's contention, there was no consolidation of the separate probate and trust proceedings. Under these circumstances, the Surrogate properly found that there was no waiver of the objectants' statutory right to a jury trial in the probate proceeding (*see* SCPA 502; *Matter of Sackler,* 222 AD2d 9; *cf. Chim Chul Yi v Marcy Realty Co.,* 291 AD2d 368; *Whipple v Trail Props.,* 261 AD2d 470).

The appellant's remaining contentions are without merit. Florio, J.P., Feuerstein, Friedmann and Adams, JJ., concur.