In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES, Appellant, v WILLIAM JACKSON, JR., Respondent. (Appeal No. 2.) [784 NYS2d 410]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 21, 2003. The order, among other things, denied the petition for a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: In this proceeding to stay arbitration of an insurance dispute, Supreme Court erred in denying petitioner's request for a jury trial of the issue whether respondent was a resident of the household of his mother and thus covered under her automobile insurance policy. "[T]he right to a trial by jury is zealously protected in our jurisprudence and yields only to the most compelling circumstances" (*John W. Cowper Co. v Buffalo Hotel Dev. Venture*, 99 AD2d 19, 21 [1984]). "Although the CPLR does not make express provision for trial by jury of matters preliminary to arbitration, it was not the intent of the framers to eliminate trial by jury where constitutionally required or desirable" (*Anthony Drugs of Bethpage v Local 1199 Drug & Hosp. Union, AFL-CIO*, 34 AD2d 788, 788 [1970]; *see generally* CPLR 410). A jury trial is appropriate where, as here, there is a factual issue preliminary to arbitration pursuant to an uninsured motorist claim (*see Matter of Rosenbaum [American Sur. Co. of N.Y.]*, 11 NY2d 310, 313 [1962]; *see also Matter of Motor Veh. Acc. Indem. Corp. [Stein]*, 23 AD2d 526, 527 [1965]). We therefore reverse the order in appeal No. 2 and remit the matter to Supreme Court for a jury trial. We dismiss appeal No. 1 as subsumed in the final order (*see* CPLR 5501 [a] [1]). Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.