■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents, v DEIRDRE SPARACIO et al., Appellants. [809 NYS2d 151]—

In an action, inter alia, for a judgment declaring that the plaintiffs are not obligated to provide uninsured or underinsured motorist benefits to the defendants, the defendants ap-

peal from (1) a decision of the Supreme Court, Nassau County (Cozzens, J.), dated July 29, 2004, and (2) a judgment of the same court entered September 13, 2004, which, upon an order of the same court dated November 5, 2003, granting the plaintiffs' motion to strike the defendants' jury demand, in effect, declared that the plaintiffs are not obligated to provide uninsured or underinsured motorist benefits to the defendants.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order dated November 5, 2003, is vacated, the motion to strike the defendants' jury demand is denied, and the Clerk of the Supreme Court, Nassau County, is directed to restore the action to the jury trial calendar.

On a prior appeal (*see State Farm Mut. Auto. Ins. Co. v Sparacio*, 297 AD2d 284 [2002]), this Court determined, inter alia, that the Supreme Court failed to determine the issue of whether there had been a timely written notice of claim, and remitted the matter to the Supreme Court, Nassau County, for that purpose. Subsequently, the plaintiffs filed a note of issue requesting a nonjury trial to determine whether they could properly deny uninsured or underinsured motorist benefits to the defendants on the ground that they failed to provide timely written notice of claim. The defendants then filed a jury demand. The plaintiffs moved to strike the defendant's jury demand. The Supreme Court granted that motion, and after a nonjury trial, in effect, declared that the plaintiffs are not obligated to provide uninsured or underinsured motorist benefits to the defendants. We reverse.

NY Constitution, article I, § 2 provides that "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever." "The effect of this provision was to 'freeze' the right to a jury trial to those types of cases in which it was recognized at common law or by statute as of the adoption of the Constitution of 1894" (*Independent Church of Realization of Word of God v Board of Assessors of Nassau County*, 72 AD2d 554 [1979]). However, "it has been held that the right to a jury trial is not strictly limited to those instances in which it was actually used in 1894, but also extends to new cases that are analogous to those traditionally tried by a jury" (*Matter of DES Mkt. Share Litig.*, 79 NY2d 299, 305 [1992]). The declaratory judgment action, which was created in 1921, can be legal or equitable in nature, and to determine whether a party is entitled to a jury trial, "it is nec-

essary to examine which of the traditional actions would most likely have been used to present the instant claim had the declaratory judgment action not been created" (*Independent Church of Realization of Word of God v Board of Assessors of Nassau County, supra* at 555; *see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:17; Siegel, NY Prac § 439, at 744 [4th ed]). Applying that analysis here, we conclude that the underlying claim at issue was legal rather than equitable in nature, and the defendants were entitled to a jury trial (*see Martell v North Riv. Ins. Co.*, 107 AD2d 948 [1985]; *Azoulay v Cassin*, 103 AD2d 836 [1984]; *Gordon v Continental Cas. Co.*, 91 AD2d 987 [1983]; *Zook v Hartford Acc. & Indem. Co.*, 55 AD2d 641 [1976]; *Aetna Cas. & Sur. Co. v Lauria*, 54 AD2d 183 [1976]; *see generally Simler v Conner*, 372 US 221 [1963]; *R.C.P.S. Assoc. v Karam Devs.*, 213 AD2d 612 [1995]; *cf. Matter of State Farm Mut. Auto. Ins. Cos. v Jackson*, 12 AD3d 1142 [2004]; *Anthony Drugs of Bethpage v Local 1199 Drug & Hosp. Union, AFL-CIO*, 34 AD2d 788 [1970]).

We note that pursuant to the doctrine of law of the case, the defendants improperly raised before the trial court the issue of whether the underlying insurance policy was ambiguous (*see Hall v Cucco*, 5 AD3d 631 [2004]), and whether the doctrine of equitable estoppel applied to the case (*see Matter of Shondel J. v Mark D.*, 18 AD3d 551 [2005], *lv granted* 5 NY3d 707 [2005]).

In light of our determination, we need not reach the parties' remaining contentions. H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.