■ ANESTHESIA ASSOCIATES OF MOUNT KISCO, LLP, et al., Appellants, v NORTHERN WESTCHESTER HOSPITAL CENTER et al., Respondents, et al., Defendants. [873 NYS2d 202]—

In an action, inter alia, to recover damages for breach of contract, and for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 16, 2007, which granted the motion of the defendants Northern Westchester Hospital, Joel Seligman, and Michael Finkelstein to strike the plaintiffs' jury demand.

Ordered that the order is affirmed, with one bill of costs payable to the respondents.

The Supreme Court properly granted the respondents' motion to strike the plaintiffs' jury demand. "The prevailing rule is that the deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial" (*Hebranko v Bioline Labs.*, 149 AD2d 567, 567-568 [1989]; *see* CPLR 4102 [c]; *Mirasola v Gilman*, 104 AD2d 932 [1984]; *Tanenbaum v Anchor Sav. Bank*, 95 AD2d 827 [1983]). "Once the right to a jury trial has been intentionally lost by joining legal and equitable claims, any subsequent dismissal, settlement or withdrawal of the equitable claim(s) will not revive the right to trial by jury" (*Zimmer-Masiello, Inc. v Zimmer, Inc.*, 164 AD2d 845, 846-847 [1990]; *see Whipple v Trail Props.*, 261 AD2d 470 [1999]; *Mirasola v Gilman*, 104 AD2d at 932; *Tanenbaum v Anchor Sav. Bank*, 95 AD2d at 827). However, "[w]here a plaintiff alleges facts upon which monetary damages alone will afford full relief, inclusion of a demand for equitable relief in the complaint's prayer for relief will not constitute a waiver of the right to a jury trial" (*Hebranko v Bioline Labs.*, 149 AD2d at 568; *see O'Brien v Fitzgerald*, 143 NY 377, 381 [1894]; *Harris v Trustco Bank N.Y.*, 224 AD2d 790, 791 [1996]; *Hudson View II Assoc. v Gooden*, 222 AD2d 163, 168 [1996]; *Murphy v American Home Prods. Corp.*, 136 AD2d 229, 232 [1988]).

"The declaratory judgment action . . . can be legal or equitable in nature, and to determine whether a party is entitled to a jury trial, 'it is necessary to examine which of the traditional actions would most likely have been used to present the instant claim had the declaratory judgment action not been created' " (*State Farm Mut. Auto. Ins. Co. v Sparacio*, 25 AD3d 777, 778-779 [2006], quoting *Independent Church of Realization of Word of God v Board of Assessors of Nassau County*, 72 AD2d 554, 555 [1979]). Here, where the declaratory judgment cause of action seeks to have a contract between two of the defendants declared null and void, the traditional action "most likely [to] have been used to present the instant claim had the declaratory judgment action not been created" would have been a claim for rescission (*Independent Church of Realization of Word of God v Board of Assessors of Nassau County*, 72 AD2d at 555). Since an action for rescission sounds in equity, the defendants are correct that the cause of action for declaratory relief in this case is equitable in nature. Moreover, monetary damages would not have provided the relief sought in the cause of action (*cf. State Farm Mut. Auto. Ins. Co. v Sparacio*, 25 AD3d 777 [2006]; *Martell v*

*North Riv. Ins. Co.*, 107 AD2d 948 [1985]). Accordingly, the Supreme Court correctly determined that by including the declaratory cause of action in the first amended complaint, as well as the cause of action for injunctive relief in the original complaint, the plaintiffs waived their right to a jury trial. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.