■ ANNE BRYANT, Respondent, v BROADCAST MUSIC, INC., Also Known as BMI, et al., Defendants. (Action No. 1.) ANNE BRYANT, Respondent, v SUNBOW PRODUCTIONS, INC., Appellant. (Action No. 2.) [930 NYS2d 245]—

The plaintiff commenced these actions alleging causes of action sounding in equity. However, during a nonjury trial of both actions, the plaintiff moved to conform the pleadings to the proof to assert a cause of action based on breach of a written contract. The Supreme Court denied the motion. Subsequently, the Supreme Court, inter alia, granted the motion of the defendant Sunbow Productions, Inc. (hereinafter Sunbow), to dismiss the complaint in action No. 2. On appeal, this Court affirmed the dismissal of the equitable causes of action, but held that the plaintiff's motion to conform the pleadings to the proof should have been granted since Sunbow "suffered no prejudice or surprise because that branch of the motion was based upon a written agreement admitted at its own instance and the plaintiff did not allege any new facts" (*Bryant v Broadcast Music, Inc.,* 60 AD3d 799, 800 [2009]). Consequently, the matter was remitted to the Supreme Court, Rockland County, for a new trial on the cause of action alleging breach of a written contract.

On remittitur, the plaintiff demanded a jury trial. Sunbow moved to strike the plaintiff's demand, and the Supreme Court denied the motion.

Contrary to the Supreme Court's conclusion, the plaintiff waived the right to demand a jury trial. " 'The prevailing rule is that the deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial' " (*Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.,* 59 AD3d 481, 482 [2009], quoting *Hebranko v Bioline Labs.,* 149 AD2d 567, 567 [1989]). " 'Once the right to a jury trial has been intentionally lost by joining legal and equitable claims, any subsequent dismissal, settlement or withdrawal of the equitable claim(s) will not revive the right to trial by jury' " (*Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.,* 59 AD3d at 482, quoting *Zimmer-Masiello, Inc. v Zimmer, Inc.,* 164 AD2d 845, 846-847 [1990]). The plaintiff deliberately joined her claims for equitable and legal relief, as she presented evidence pertaining to the written contract and sought to conform the pleadings to the proof on that issue so that she could recover damages for breach of contract. By doing so, the plaintiff waived the right to demand a jury trial. That waiver remained operative throughout the litigation (*see Caldovino v Scala,* 10 AD2d 853 [1960]; *Laventhall v Fireman's Ins. Co. of Newark,* 266 App Div 756 [1943]). Thus, this Court's remittal of the matter to the Supreme Court, Rockland County, for a new trial on the breach of contract cause of action did not revive her right to demand a jury trial on that cause of action, even though the equitable

causes action of action had been dismissed (*see Caldovino v Scala*, 10 AD2d at 853; *Laventhall v Fireman's Ins. Co. of Newark*, 266 App Div at 756).

The plaintiff's remaining contention is without merit. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.