■ GRAND PACIFIC FINANCE CORP., Plaintiff/Counterclaim Defendant-Appellant, v 97-111 HALE, LLC, et al., Defendants/Counterclaim Plaintiffs/Cross Claim Plaintiffs-Respondents, et al., Defendants. FINANCIAL ONE GROUP et al., Additional Cross Claim Defendants-Appellants. [996 NYS2d 541]—

In an action to foreclose a mortgage, the plaintiff/counterclaim defendant and the additional cross claim defendants Financial One Group, Grand Pacific Holdings, N.V., Robert W. Heinemann, Andre J. L. Koo, Theodore Jer Jyh Chen, also known as Ted Chen, and Louise Varsos appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated September 27, 2012, which granted the motion of the defendants/counterclaim plaintiffs/cross claim plaintiffs 97-111 Hale, LLC, 10-114 Hale, LLC, and Joe Bobker for leave to serve and file a late demand for a jury trial, deemed the demand for a jury trial timely served and filed nunc pro tunc, and denied their cross motion to strike the demand for a jury trial.

Ordered that the appeal by the additional cross claim defendants Financial One Group, Grand Pacific Holdings, N.V., Robert W. Heinemann, Andre J. L. Koo, Theodore Jer Jyh Chen, also known as Ted Chen, and Louise Varsos is dismissed as academic in light of the entry of an order of the Supreme Court, Kings County, dated March 28, 2013, which, inter alia, granted those branches of their motion which were for summary judgment dismissing all cross claims insofar as asserted against them; and it is further,

Ordered that the order is reversed on the appeal by the plaintiff/counterclaim defendant, on the law, the motion of the defendants/counterclaim plaintiffs/cross claim plaintiffs for leave to serve and file a late demand for a jury trial is denied, and the cross motion of the plaintiff/counterclaim defendant to strike the demand for a jury trial is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff/counterclaim defendant payable by the defendants/counterclaim plaintiffs/cross claim plaintiffs, 97-111 Hale, LLC, 100-114 Hale, LLC, and Joe Bobker.

The defendants/counterclaim plaintiffs/cross claim plaintiffs waived their right to a jury trial by including counterclaims and cross claims for equitable relief along with their counterclaims and cross claims for legal relief that were based on the same transactions (*see Haber v Cohen*, 74 AD3d 1282, 1282 [2010]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 481, 482 [2009]; *Nationscredit Fin. Servs. Corp. v Turcios*, 55 AD3d 806 [2008]). Accordingly, the Supreme Court should have denied their motion for leave to serve and file a late demand for a jury trial, and granted the cross motion of the plaintiff/counterclaim defendant to strike the demand.

In light of the foregoing, we need not address the parties' remaining contentions. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.