Fakiris v Gusmar Enters., LLC (2020 NY Slip Op 08039)





Fakiris v Gusmar Enters., LLC


2020 NY Slip Op 08039


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-00072
 (Index No. 14652/14)

[*1]Marina Fakiris, etc., appellant, 
v
Gusmar Enterprises, LLC, et al., respondents, et al., defendant.


Gleich, Farkas & Emouna LLP, Great Neck, NY (Lara P. Emouna of counsel), for appellant.
Mastropietro Law Group, PLLC, New York, NY (Eric W. Gentino of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and unjust enrichment, and for an accounting, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 7, 2018. The order granted the motion of the defendants Gusmar Enterprises, LLC, Kostas Fakiris, Summit Waterproofing & Restoration Corp., and Summit Development Corp. to strike the plaintiff's demand for a jury trial.
ORDERED that the order is affirmed, with costs.
"'[T]he deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial'" (Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 481, 482, quoting Hebranko v Bioline Labs., 149 AD2d 567, 567). "Once the right to a jury trial has been intentionally lost by joining legal and equitable claims, any subsequent dismissal, settlement or withdrawal of the equitable claim(s) will not revive the right to trial by jury" (Zimmer-Masiello, Inc. v Zimmer, Inc., 164 AD2d 845, 846-847). "However, '[w]here a plaintiff alleges facts upon which monetary damages alone will afford full relief, inclusion of a demand for equitable relief in the complaint's prayer for relief will not constitute a waiver of the right to a jury trial'" (Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d at 482, quoting Hebranko v Bioline Labs., 149 AD2d at 568).
Here, we agree with the Supreme Court's determination that the plaintiff waived her right to a jury trial by joining legal and equitable causes of action arising from the same transaction and seeking both legal and equitable relief, including causes of action for an accounting and to remove the defendant Kostas Fakiris as a managing member of the defendant Gusmar Enterprises, LLC, and a shareholder derivative cause of action alleging breach of fiduciary duty (see Zutrau v ICE Sys., Inc., 128 AD3d 1058, 1059-1060; Lief v Hill, 100 AD3d 836; Whipple v Trail Props., 261 AD2d 470).
Moreover, contrary to the plaintiff's contention, where equitable causes of action are [*2]at issue, a "motion to strike a demand for a jury trial may be made at anytime up to the opening of trial" (Moyal v Sleppin, 139 AD3d 605, 606).
Accordingly, we agree with the Supreme Court's determination granting the motion of the defendants Gusmar Enterprises, LLC, Kostas Fakiris, Summit Waterproofing & Restoration Corp., and Summit Development Corp. to strike the plaintiff's demand for a jury trial.
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court