Blackman v Metropolitan Tr. Auth. (2024 NY Slip Op 01530)

Blackman v Metropolitan Tr. Auth.

2024 NY Slip Op 01530

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-01732
 (Index No. 502489/14)

[*1]Michelle Blackman, appellant, 
v
Metropolitan Transit Authority, et al., defendants, New York City Transit Authority, et al., respondents.

The Clancy Law Firm, P.C. (Niall MacGiollabhuí, New York, NY, of counsel), for appellant.
David I. Farber (Steve S. Efron, New York, NY [Renée L. Cyr], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated January 20, 2022. The order granted the motion of the defendants New York City Transit Authority, Thomas P. Latimer, and Christopher Johnson to strike the plaintiff's jury demand.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants New York City Transit Authority, Thomas P. Latimer, and Christopher Johnson to strike the plaintiff's jury demand is denied.
The factual background of this appeal is set forth in greater detail in our decision and order in Blackman v Metropolitan Tr. Auth. (206 AD3d 602). As relevant here, the plaintiff commenced this action against the defendants New York City Transit Authority, Thomas P. Latimer, and Christopher Johnson (hereinafter collectively the defendants), among others, asserting, inter alia, causes of action to recover damages for discrimination in hiring and discrimination in promotion. After the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, the plaintiff made a demand for a jury trial. The defendants moved to strike the demand, arguing that the plaintiff waived her right to a jury trial by joining claims for legal and equitable relief. By order dated January 20, 2022, the Supreme Court granted the defendants' motion to strike the plaintiff's jury demand. The plaintiff appeals, and we reverse.
CPLR 4101(1) provides, in pertinent part, that "issues of fact shall be tried by a jury, unless a jury trial is waived," in any action "in which a party demands and sets forth facts which would permit a judgment for a sum of money only." The "deliberate joinder of claims for legal and equitable relief arising out of the same transaction" may constitute a waiver of the right to a jury trial (Hebranko v Bioline Labs., 149 AD2d 567, 567; see Zutrau v ICE Sys., Inc., 128 AD3d 1058, 1059; Bryant v Broadcast Music, Inc., 88 AD3d 631, 632). However, the right to a jury trial must be determined by the facts alleged in the complaint and not by the prayer for relief (see City of Syracuse v Hogan, 234 NY 457, 461; Hebranko v Bioline Labs., 149 AD2d at 568), and "[w]here a plaintiff [*2]alleges facts upon which monetary damages alone will afford full relief, inclusion of a demand for equitable relief in the complaint's prayer for relief will not constitute a waiver of the right to a jury trial" (Hebranko v Bioline Labs., 149 AD2d at 568; see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 481, 482). A jury trial will not be waived if the equitable relief sought by the plaintiff is "incidental to [his or her] demand for money damages" (Seymour v Hovnanian, 211 AD3d 549, 557; see Schlick v American Bus. Press, 246 AD2d 450, 450; Poley v Rochester Community Sav. Bank, 184 AD2d 1027, 1027).
Here, the gravamen of the plaintiff's action is to recover damages for employment discrimination. Therefore, the character of the action is essentially legal, and even though the prayer for relief in the complaint contains demands for equitable relief, only an award of monetary damages would afford the plaintiff a full and complete remedy (see Schlick v American Bus. Press, 246 AD2d at 450; Hebranko v Bioline Labs., 149 AD2d at 568). Accordingly, the Supreme Court should have denied the defendants' motion to strike the plaintiff's jury demand.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court