George v Bainbridge St Realty II Inc. (2024 NY Slip Op 51581(U))

[*1]

George v Bainbridge St Realty II Inc.

2024 NY Slip Op 51581(U)

Decided on November 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2024
Supreme Court, Kings County

Dick George, Plaintiff,

against
Bainbridge St Realty II Inc., Defendant.

Index No. 515521/2020

The Rosenfeld Law Office, Lawrence (Avi Rosenfeld of counsel), for defendant.
No written opposition or appearance for plaintiff.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: 1, summons and complaint; 10, answer; 99, note of issue; 102, notice of motion; 103, attorney affirmation in support.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, [*2]the within motion is determined as follows.
"In August 2020, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a deed dated December 20, 2017, conveying certain real property in Brooklyn (hereinafter the property) from Carmen Arias to the defendant is null and void. The complaint alleged that Arias had no ownership interest in the property when she purported to transfer it to the defendant because she had previously transferred her interest in the property to Mary Banks by deed dated October 21, 2011, and that the plaintiff was the fee simple owner of the property as a result of Banks's subsequent conveyance of the property to him by deed dated May 22, 2014 (hereinafter the May 2014 deed)." (George v Bainbridge St Realty II, Inc., 221 AD3d 584, 584 [2d Dept 2023].)
Defendant now moves for an order pursuant to CPLR 4101 to strike the jury demand contained in the note of issue filed by plaintiff on August 16, 2024. Defendant argues that since this is "an equitable action regarding expungement of a deed to a property, Plaintiff is not entitled to a trial by jury" (NYSCEF Doc No. 103, Rosenfeld aff ¶ 5). Plaintiff did not submit opposition. Nonetheless the Court elects to determine whether the relief sought by Defendant should be granted because it concerns how the trial should be conducted (see Patino v County of Nassau, 124 AD3d 738 [2d Dept 2015] [decision whether to conduct a bifurcated trial rests within the discretion of trial court]; Yorkville Fed. Sav. & Loan Assn. v Dupuis, 131 AD2d 848 [2d Dept 1987] [conduct of trial within discretion of judge]).
CPLR 4101 provides as follows:
In the following actions, the issues of fact shall be tried by a jury unless a jury trial is waived or a reference is directed under section 4317, except that equitable defenses and equitable counterclaims shall be tried by the court:
1. an action in which a party demands and sets forth facts which would permit a judgment for a sum of money only;
2. an action of ejectment; for dower; for waste; for abatement of and damages for a nuisance; to recover a chattel; or for determination of a claim to real property under article fifteen of the real property actions and proceedings law; and
3. any other action in which a party is entitled by the constitution or by express provision of law to a trial by jury.
The late Prof. David Siegel commented on this provision:
In a sense, CPLR 4101 is superfluous. It purports to set forth the actions in which the right to trial by jury is conferred, but the state constitution itself confers the right to trial by jury in just about all the instances specified in CPLR 4101, so that CPLR 4101 serves more as a mere reminder than as a conferrer. The constitution guarantees trial by jury "in all cases in which it has heretofore been guaranteed by constitutional provision", Const. Art. I, § 2, and, generally speaking, the actions enumerated in paragraphs 1 and 2 have constitutional origins. When the issue of the constitutional right to trial by jury arises (which is not frequent), a traceback may be necessary to determine precisely where the jury right started in the particular instance, so as to determine whether it enjoys constitutional protection. See Siegel, New York Practice 4th Ed. § 377.
As a general rule, a jury trial is available in the law actionsthose evolved from common lawas opposed to those evolved in chancery (equity), which continue to be triable by the court. The most common law action is of course the simple money action, specified in paragraph 1 of CPLR 4101. Issues of fact on causes of action for money only, whether sounding in tort, contract, or anything else, are triable by jury.
The actions specified in paragraph 2 are other actions in which trial by jury is offered. Some of them (ejectment, replevin) also have a straight traceback to the common law courts. Others, like [*3]the determination of a claim under Article 15 of the Real Property Actions and Proceedings Law, have mixed roots that include statutory conferrals. (David D. Siegel, Prac Commentaries, McKinney's Cons Laws of NY, CPLR 4101 [emphasis added.)
To the extent that there are legal issues, they would be determined by the Court and reflected in jury instructions. Any factual issues, applying the law, are to be determined by a jury, pursuant to the express statutory command that RPAPL Article 15 actions be tried before a jury, even if they ultimately lead to a remedy which historically could be sought only in equity (see KNET, Inc. v Ruocco, 145 AD3d 989 [2d Dept 2016]).
It is recognized that the right to a jury trial is protected in the State Constitution and has been extended:
NY Constitution, article I, § 2 provides that "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever." "The effect of this provision was to 'freeze' the right to a jury trial to those types of cases in which it was recognized at common law or by statute as of the adoption of the Constitution of 1894" (Independent Church of Realization of Word of God v Board of Assessors of Nassau County, 72 AD2d 554 [1979]). However, "it has been held that the right to a jury trial is not strictly limited to those instances in which it was actually used in 1894, but also extends to new cases that are analogous to those traditionally tried by a jury" (Matter of DES Mkt. Share Litig., 79 NY2d 299, 305 [1992]). The declaratory judgment action, which was created in 1921, can be legal or equitable in nature, and to determine whether a party is entitled to a jury trial, "it is necessary to examine which of the traditional actions would most likely have been used to present the instant claim had the declaratory judgment action not been created" (Independent Church of Realization of Word of God v Board of Assessors of Nassau County, supra at 555; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:17; Siegel, NY Prac § 439, at 744 [4th ed]). (State Farm Mut. Auto. Ins. Co. v Sparacio, 25 AD3d 777, 778-779 [2d Dept 2006.)
CPLR 4101 specifically allows a jury trial for an action "for determination of a claim to real property under article fifteen of the real property actions and proceedings law" (CPLR 4101 [2]). To the extent that there is contrary case law deriving from application of the Civil Practice Act and Rules of Civil Practice (e.g. Fuchs v Lipschitz, 8 AD2d 805 [1st Dept 1959]), it should be deemed impliedly superseded by CPLR 4101.
Since Plaintiff commenced this action pursuant to RPAPL article 15, and CPLR 4101 [2] permits a jury trial, Defendant's motion must be denied.
It is hereby ORDERED that Defendant's motion to strike the jury demand contained in the note of issue filed by plaintiff is DENIED.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).