JOYCE B. STOWELL et al., Respondents, v. JACOB BERSTYN et al., Appellants.— In an action (1) to declare that a contract for the purchase of realty recorded by defendants no longer constitutes a lien on the premises, (2) to expunge the contract from the records of the County Clerk of Rockland County and (3) to recover damages for breach of the contract, defendants appeal from an order of the Supreme Court, Rockland County, entered November 23, 1965, which directed that certain itemized issues appearing upon plaintiffs' motion for summary judgment (CPLR 3212) and defendants' cross motion *inter alia* to dismiss the complaint (CPLR 3211) be referred to a Referee to hear and report. Order reversed, with $10 costs and disbursements, and motion and cross motion denied, without prejudice to renewal of so much of the cross motion as was for leave to amend defendants' answer. While generally an order of reference to hear and report is not appealable (*De Matteis* v. *De Matteis*, 21 A D 2d 783; *La Ruea* v. *General Sportwear Co.*, 16 A D 2d 677; *Ayres* v. *Ayres*, 16 A D 2d 926; *Matter of Hipp*, 282 App. Div. 880), we are of the opinion that the general rule should not apply at bar, in view of the facts and circumstances. The learned court below found that the affidavits raised serious issues and that their determination "will require a rather exceptional and unusually protracted and time consuming hearing." While CPLR 2218 empowers the court to order that an issue of fact raised on a motion shall be separately tried, and while CPLR 3211 (subd. [c]) empowers the court to treat a motion to dismiss as one for summary judgment and to order an immediate trial of the issues raised on the motion, we are of the opinion that the

sections do not apply where, as here, the issues as found by the court are serious and will require a lengthy hearing. Under such circumstances, the applicable statute is CPLR 3212 (subd. [b]), which provides that where an issue of fact (except as to damages) arises on a motion for summary judgment the motion must be denied. Moreover, since the court had no power to try the issues, it likewise had no power to refer the issues to a Referee to hear and report (*Esteve* v. *Abad*, 271 App. Div. 725). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.