■ ELI AZOULAY, Respondent, v WILLIAM F. CASSIN, JR., Individually and Doing Business as W. C. REALTY Co., Appellant. — In an action denominated as one for an accounting based upon a breach of an alleged agreement creating a partnership or joint venture, and for other equitable relief, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered September 15, 1983, as granted plaintiff's motion to strike his jury demand. ¶ Order reversed insofar as appealed from, without costs or disbursements, plaintiff's motion to strike defendant's jury demand is denied and the Clerk of the Supreme Court, Westchester County, is directed to restore the action to the Jury Calendar. ¶ The joinder of legal and equitable claims by a plaintiff does not deprive a defendant of his right to a jury trial of those legal claims triable by a jury as a matter of constitutional and/or statutory right. While in this case, the plaintiff has demanded an accounting, in reality, the basic issues in the action are the existence of a contract, whether it was breached, conversion of funds, and title to real property, each of which is triable by jury upon proper demand. A plaintiff, by artful pleading, cannot deprive a defendant of a jury trial upon proper demand, by characterizing his claim as equitable and by limiting his demand to equitable relief (see *Gordon v Continental Cas. Co.,* 91 AD2d 987). Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.