I am also not persuaded by Wentworths' argument that Hedson would not be prejudiced by a voluntary dismissal because his counterclaims lack merit. Although I previously denied Hedson's motion for summary judgment, (Docket Entry 23), that order does not, as the Wentworths argue, "settle[ ] the issue" with respect to Hedson's retaliation and legal fees counterclaims, let alone his breach-of-lease claim, which was not the subject of the summary judgment decision. A summary judgment decision is not a final decision on the merits, but a finding that there are genuine issues of material fact for trial. Although it appears highly unlikely at this juncture, at the end of the day the finder of fact may determine—after weighing all the evidence, assessing the credibility of witnesses and drawing whatever inferences it may—that the Wentworhs' claims are so devoid of merit as to be frivolous and brought in retaliation for the Hedsons' commencement of a housing court action against them.

Jordan **WENTWORTH** and David Wentworth, Plaintiffs,

v.

William **HEDSON** as Executor of the Estate of Eileen Hedson, deceased, and **William Hedson**, Defendants.

No. 06–CV–3373 (RER).

United States District Court, E.D. New York.

Jan. 28, 2008.

Lynn Armentrout, Lynn Armentrout, Mariann Meier Wang, Emery Celli Brinckerhoff & Abady LLP, New York, NY, for Plaintiffs.

Jeffrey M. Steinitz, Rappaport Hertz Cherson & Rosenthal, Forest Hills, NY, for Defendants.

### *OPINION AND ORDER*

RAMON E. REYES, JR., United States Magistrate Judge.

This case is scheduled for trial on February 4, 2008. Familiarity with the facts, applicable law and procedural history of this case on the part of the reader is assumed. *See Wentworth v. Hedson*, 493 F.Supp.2d 559 (E.D.N.Y.2007); *Wentworth v. Hedson*, 248 F.R.D. 121, 2008 WL 125015 (E.D.N.Y. Jan. 15, 2008). The issue has arisen as to which of the claims and counterclaims must be tried by the jury. The parties have conferred and have agreed that all claims and counterclaims should go to the jury. (*See* Docket Entry 33.) The Court, however, is not so convinced.

■ While it is clear that plaintiffs' discrimination claims and defendants' breach-of-the-lease counterclaim are properly tried to

the jury,[1] it is not so clear that defendants' separate counterclaims for attorneys' fees, costs and sanctions based on the purported filing of a frivolous and retaliatory lawsuit should be decided by the jury. Defendants have brought these claims alternatively under Rule 11 of the Federal Rules of Civil Procedure, paragraph 27 of the lease and 42 U.S.C. § 3613(c)(2). (Docket Entry 9 ¶¶ 67–73, 74–76.)

■ There is no private right of action under Rule 11. *See Port Drum Co. v. Umphrey*, 852 F.2d 148, 149 (5th Cir.1988) (no private right of action under Rule 11); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 553, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (Rule 11 does not create a federal common law claim of malicious prosecution). Therefore, defendants' eighth affirmative defense and second counterclaim cannot go to the jury. The Court, however, remains free to issue Rule 11 sanctions at its discretion. *See Sassower v. Field*, 973 F.2d 75, 79–80 (2d Cir.1992), *cert. denied*, 507 U.S. 1043, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993) (upholding Rule 11 sanctions against plaintiffs who brought Fair Housing Act claim that trial judge found to be unusually vexatious). The Court withholds judgment on whether to impose Rule 11 sanctions until after the jury makes its fact determinations about the parties' claims and counterclaims.

■ Defendants are also not entitled to submit to the jury their claim for attorneys' fees based on the parties' lease. Paragraph 27 of the lease clearly provides that "[t]he successful party in a legal action or proceeding between Landlord and Tenant *for non-payment of rent or recovery of possession of the Apartment* may recover reasonable legal fees and costs from the other party." (Docket Entry 6, Ex. 5 at 2 (emphasis added).) Neither the claims nor counterclaims is for non-payment of rent or recovery of possession of the Apartment (*see* Docket Entries 1

and 9), and therefore there is no legal or factual basis for this claim to go to the jury. Thus, defendants' ninth affirmative defense and third counterclaim should be dismissed to the extent it is based on the parties' lease.

■ There is also no basis to submit to the jury defendants' attorneys fees claim under the Fair Housing Act. Indeed, 42 U.S.C. § 3613(c)(2), upon which defendants rely, clearly provides that "[i]n a civil action under [the Fair Housing Act], *the court*, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." (Emphasis added). Thus, whether and to what extent defendants or plaintiffs are entitled to attorneys' fees and costs will be decided by the Court. *Sassower*, 973 F.2d 75, 79 (holding that fee-shifting is permitted under the Fair Housing Act where prevailing defendant shows that suit is frivolous, unreasonable or without foundation) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). As with the issue of Rule 11 sanctions, the Court withholds judgment on the issue of fee-shifting until after the jury makes its fact determinations about plaintiffs' claims.

For the foregoing reasons, plaintiffs' discrimination claims and defendants' breach-of-the-lease counterclaim will be decided by the jury. Defendants' counterclaim for attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) will be decided by the Court. Defendants' eighth affirmative defense and second counterclaim is dismissed, and defendants' ninth affirmative defense and third counterclaim is dismissed to the extent that it is based on the parties' lease.

**SO ORDERED.**

---

1. *See* Fed. R. Civ. P. 38 (jury trial of right); *Curtis v. Loether*, 415 U.S. 189, 192, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (on a claim for damages under the Fair Housing Act, either party is entitled, under the Seventh Amendment, to demand a jury trial); *Patterson v. Coughlin*, 905 F.2d 564, 570–71 (2d Cir.1990) (party may rely on adver-

sary party's assertion of right to jury trial); *Azoulay v. Cassin*, 103 A.D.2d 836, 836, 478 N.Y.S.2d 366, 367 (2d Dept.1984) (whether a contract was breached is triable by jury upon proper demand); N.Y. CPLR § 4101(1) (issues of fact in an action for a money judgment to be tried by a jury).