■ CAROLYN LE BEL, as Executrix of MARYA LENN YEE, Respondent, v MARY A. DONOVAN et al., Appellants. [945 NYS2d 669]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 24, 2011, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's causes of action for breach of contract and breach of fiduciary duty, and to strike paragraph 20 of the complaint, unanimously affirmed, without costs.

Plaintiff's decedent, Marya Lenn Yee, and defendant Mary A. Donovan were partners in defendant law firm known as Donovan & Yee, LLP (the firm). On the evening of November 30, 2008, Yee was a passenger in a small plane which crashed in California, severely injuring her. She was taken to a hospital, where she died early the following morning. Yee's estate subsequently commenced this action for, inter alia, breach of

the partnership agreement and breach of fiduciary duty, and sought an accounting, partnership distributions, dissolution of the firm, and other relief.

Defendants' motion to dismiss plaintiff's claims for breach of contract and breach of fiduciary duty as premature, in light of plaintiff's claim for an accounting, was properly denied. While it is well settled that absent an accounting an action at law may not be maintained by one partner against another, such proscription only applies if the claim for damages cannot be determined without an examination of the partnership's books (*Simons v Doyle*, 262 AD2d 236, 237 [1999], *lv dismissed* 94 NY2d 899 [2000]; *1056 Sherman Ave. Assoc. v Guyco Constr. Corp.* 261 AD2d 519, 520 [1999]; *Kriegsman v Kraus, Ostreicher & Co.*, 126 AD2d 489, 490 [1987]). Hence, the absence of an accounting will not bar an action brought by a partner against another if the "alleged wrong involves a partnership transaction which can be determined without an examination of the partnership books" (*Simons* at 237; *1056 Sherman Ave. Assoc.* at 520; *Kriegsman* at 490). Moreover, the foregoing proscription does not apply to actions where equitable relief is sought, since logically, unlike an action at law, where monetary damages "alone afford a full and complete remedy" (*Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315, 316 [1991]), equitable relief can usually be determined absent an accounting. Accordingly, the proscription does not bar an action where the claims asserted are both equitable and at law if the primary claim is unrelated to money damages and the accounting sought "is merely a method to determine the amount of the monetary damages [as to other claims]" (*Abrams v Rogers*, 195 AD2d 349, 350 [1993]).

Here, the motion court correctly denied defendants' motion to dismiss the complaint, rejecting defendants' assertion that this action was barred by plaintiff's failure to bring a predicate action for an accounting since the primary claims for breach of contract and breach of fiduciary duty involve a partnership action which can be determined absent an examination of the partnership books (*Simons* at 237; *1056 Sherman Ave. Assoc.* at 520; *Kriegman* at 490). Moreover, since plaintiff's primary claims at law can be resolved absent an accounting and she also asserts equitable claims, the accounting claim is merely incidental; a method by which to calculate the amount of monetary damages as to the remaining claims (*Abrams* at 350 [plaintiff's motion to strike defendant's jury demand denied insofar as equitable affirmative defenses were incidental to defenses at law]).

While "equitable defenses and equitable counterclaims shall

be tried by the court" (CPLR 4101), here, where plaintiff alleges both equitable and claims at law, the trial court can decide the equitable claims while submitting the claims at law to the jury (*Abrams* at 349-350; *Azoulay v Cassin,* 103 AD2d 836, 836 [1984] ["The joinder of legal and equitable claims by a plaintiff does not deprive a defendant of his right to a jury trial of those legal claims triable by a jury as a matter of constitutional and/or statutory right"]). Alternatively, the trial court can submit all claims, equitable and at law, for resolution to a jury (*John W. Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 23 [1984] ["(T)he Trial Justice can direct the method by which the issues are tried and may minimize the danger of conflicting verdicts by permitting the jury to hear testimony on both the legal issues and the Lien Law claims (which are equitable claims), treating the jury's determination on the latter as advisory"]).

Under New York law, partners owe each other a fiduciary duty (*see Appell v LAG Corp.,* 41 AD3d 277, 278 [2007]). Defendants also owed a fiduciary duty to Yee's estate, as Yee's successor in interest (*see Josephberg v Cavallero,* 262 App Div 1, 4 [1941]). Plaintiff has sufficiently pled a claim for breach of fiduciary duty; paragraphs 18 and 19 of the complaint allege that defendant Donovan continues to operate the partnership in violation of the Partnership Agreement and failed to distribute Yee's interest to Yee's estate in accordance with the Partnership Agreement (*see Burry v Madison Park Owner LLC,* 84 AD3d 699, 699-700 [2011]). Contrary to defendants' contention, plaintiff has alleged more than a mere accounting, and if defendants did not understand the separate causes of action, the appropriate remedy was to file a motion for a more definite statement under CPLR 3024 (a).

The motion court's denial of defendants' request to strike paragraph 20 of the complaint as prejudicial was not appealable as of right (*see* CPLR 5701 [b] [3]), and this court denied defendants' motion for leave to appeal from that part of the order. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.