■ KNET, Inc., et al., Respondents, v John Ruocco et al., Defendants, and Rosemarie Sylvester, Appellant. [45 NYS3d 126]—

In a shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the defendant Rosemarie Sylvester appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 24, 2013, which, after a hearing, granted the plaintiffs' motion for summary judgment on the eighth cause of action, to invalidate certain shares in Interceptor Ignition Interlocks, Inc., issued to her and the defendant John Ruocco allegedly for little or no consideration, to enjoin them from voting those shares, and to determine the number of shares of Interceptor Ignition Interlocks, Inc., held by the plaintiff KNET, Inc.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is denied.

The defendant John Ruocco developed and patented a proprietary ignition interlock system for use in automobiles of drivers who have been convicted of driving under the influence of alcohol. In 2000, Ruocco incorporated Safe Start, Inc., to market and sell the device. In February 2007, Ruocco changed the name of Safe Start, Inc., to Interceptor Ignition Interlocks, Inc. (hereinafter Interceptor). The amendment to the Certificate of Incorporation stated that Ruocco owned 500,000 of Interceptor's 10,000,000 shares, and the par value of the shares was $.001 per share.

In May 2007, Ruocco and his sister, the defendant Rosemarie Sylvester, were each issued 1,500,000 shares of Interceptor, and in May 2010 Ruocco and Sylvester were each issued 2,500,000 shares of Interceptor, for a total of 4,000,000 shares each. Interceptor also issued shares to outside investors pursuant to subscription agreements, at the price of $2 per share.

In June 2010, Interceptor entered into a business development agreement and a consulting agreement with the plaintiff KNET, Inc. (hereinafter KNET), a company owned by the plaintiff Gary Melius. These agreements allowed KNET to earn shares of Interceptor at a par value of $.001 per share if KNET performed certain services for Interceptor. Pursuant to the agreements, KNET would earn 2,803,214 shares upon the enactment of a state or federal law requiring the use of Interceptor's device, 934,405 shares for introducing Interceptor to one or more public officials *and* one or more automobile insurers, 934,405 shares upon Interceptor being certified in at

least one state where it was not yet certified, and 3,176,976 shares upon securing financing for Interceptor "in the minimum amount" set by Interceptor. In November 2010, the financing provision of the consulting agreement was amended, in pertinent part, to provide that if Interceptor received a loan of $1,500,000 from Flushing Savings Bank, KNET would receive 5% of the outstanding shares of Interceptor.

A shareholder list annexed to the agreements stated that Ruocco and Sylvester each owned 4,000,000 shares of Intercepter. Therefore, at the time that KNET and Melius entered into an agreement with Interceptor, they should have been aware that Ruocco and Sylvester together owned 8,000,000 shares.

In 2013, the instant shareholders' derivative action was commenced by KNET, Gary Melius, as principal of KNET, and Thomas Grogan, who owned 57,500 shares of Interceptor. The complaint alleged, inter alia, that Interceptor breached its contract with KNET, and issued shares to Ruocco and his family members without adequate consideration, resulting in at least $10,000,000 in damages.

By order dated August 27, 2013, the Supreme Court granted the plaintiffs' motion to preliminarily enjoin Ruocco, Sylvester, and a named third party from acting as members of the board of directors. Ruocco continued to hold his position as president of Interceptor with the authority to conduct regular business. The court refused to grant "mandatory injunctive relief forever restraining defendant Ruocco and Sylvester and others under their control, from holding directorships or offices in the corporate defendant" on the ground that such relief constituted the ultimate relief demanded.

The plaintiffs then moved for summary judgment on the eighth cause of action, to invalidate certain shares in Interceptor issued to the defendants Ruocco and Sylvester allegedly for little or no consideration, to enjoin them from voting those shares, and to determine the number of shares of Interceptor held by KNET. By order dated September 20, 2013, the Supreme Court directed the parties to appear for "a conference/hearing on October 8, 2013." Thereafter, over the defendants' objection, a hearing was held, which was, in effect, a nonjury trial to aid in its determination of the plaintiffs' motion. The defendants' counsel informed the court that the issues to be determined included "the number of shares that were issued and outstanding" as of that date, and not the number of shares still due and owing to KNET, if any, or whether any shares held by Ruocco and Sylvester should be invalidated. The de-

fendants also claimed that they were entitled to a jury trial. The hearing proceeded over their objection.

After the hearing, the Supreme Court issued the order appealed from, which granted the plaintiffs' motion. The court invalidated all but 500,000 of the shares of Interceptor issued to Ruocco and all of the shares of Interceptor issued to Sylvester "based upon defendants' undisputed failure to provide sufficient consideration for their shares." The court found that KNET was entitled to the 2,803,214 shares previously issued to KNET, over which there was no dispute. The court also awarded KNET shares not requested in the plaintiffs' motion, purportedly based upon evidence adduced at the hearing, to wit, 934,405 shares because Interceptor became certified in Vermont and Texas during the pendency of the agreement and 3,176,976 shares for procuring the $1.5 million loan from Flushing Federal Savings Bank, in addition to the 600,648 shares which KNET previously received for those services.

Here, the papers submitted in support of and in opposition to the plaintiffs' motion for summary judgment raised triable issues of fact. With respect to the contention that Ruocco and Sylvester were improperly issued shares in Interceptor, consideration for shares may consist of "money or other property, tangible or intangible; labor or services actually received by or performed for the corporation for its benefit or in its formation . . . In the absence of fraud in the transaction, the judgment of the board or shareholders, as the case may be, as to the value of the consideration received for shares shall be conclusive" (Business Corporation Law § 504 [a]). Here, issues of fact exist as to whether Ruocco and Sylvester were improperly issued shares in Interceptor since the parties' submissions indicate that Ruocco was the founder of the corporation and performed services in the formation of Interceptor (*see Matter of Heisler v Gingras*, 90 NY2d 682, 687 [1997]), that Ruocco and Sylvester invested in the company, and that Sylvester's shares may have been a gift from Ruocco.

The Supreme Court erred in conducting a hearing. CPLR 3212 (c), which, on a motion for summary judgment, authorizes a trial of certain issues not related to the merits or related to damages, was not applicable here (*cf. Deep v Boies*, 121 AD3d 1316, 1323 [2014]). Where, as here, a triable issue of fact (except as to damages) arises on a motion for summary judgment, the motion must be denied pursuant to CPLR 3212 (b) (*see Stowell v Berstyn*, 26 AD2d 828 [1966]).

In addition, the order dated August 27, 2013, already granted the plaintiffs' motion for a preliminary injunction. Therefore,

the hearing could not be justified pursuant to CPLR 6312 to determine whether granting a preliminary injunction was warranted. In any case, the court granted the plaintiffs the ultimate relief sought in their motion. Moreover, the hearing could not be justified pursuant to CPLR 2218. An order directing a hearing pursuant to CPLR 2218 "shall specify the issue to be tried," which was not done here. The issues of fact on the plaintiffs' motion were the ultimate issues in the case.

Moreover, the defendants correctly contend that they were entitled to a jury trial. Although shareholder derivative actions and causes of action seeking equitable relief for breach of fiduciary duty are equitable in nature and do not require a jury trial (see Moyal v Sleppin, 139 AD3d 605 [2016]; Horizon Asset Mgt., LLC v Duffy, 106 AD3d 594, 595 [2013]; Armentano v Paraco Gas Corp., 90 AD3d 683, 685 [2011]), here, the plaintiffs also sought monetary relief on behalf of the plaintiff KNET individually for breach of contract, which is a legal claim. A cause which "would permit a judgment for a sum of money only" is triable by a jury (see CPLR 4101 [1]). Where the plaintiffs join legal and equitable claims, the defendants are not deprived of their right to a jury trial of the legal claims (see Le Bel v Donovan, 96 AD3d 415, 417 [2012]; Azoulay v Cassin, 103 AD2d 836 [1984]).

In view of the foregoing, the Supreme Court should have denied the plaintiffs' motion. Dickerson, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.