Rodriguez v Diaz (2023 NY Slip Op 03442)

Rodriguez v Diaz

2023 NY Slip Op 03442

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 150728/20 Appeal No. 562 Case No. 2021-01707 

[*1]Jorge Rodriguez, Plaintiff-Appellant,
v
Reemberto Diaz, Defendant-Respondent.

Jorge Rodriguez, New York, appellant pro se.

Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered on or about April 7, 2021, which denied plaintiff's motion for a default judgment and sua sponte dismissed the complaint for lack of subject matter jurisdiction, unanimously affirmed, without costs.
Plaintiff is a New York attorney who was admitted pro hac vice in Florida litigation. Defendant, also admitted as an attorney in New York, is a Florida Circuit Court judge who presided over the Florida litigation, in which he granted a motion for sanctions against plaintiff and to revoke his pro hac vice admission. After unsuccessfully attempting to challenge this decision in federal court (see Rodriguez v Diaz, 2019 US Dist LEXIS 185542 [SD NY, Oct. 23, 2019, No. 18 Civ. 10011 (AT)]), plaintiff sued in New York County, seeking to invalidate nunc pro tunc the revocation of his pro hac vice admission. Plaintiff moved for a default judgment, supporting his motion with an affirmation of service on the Clerk of the Third Department. Supreme Court dismissed the complaint on its own initiative, finding that it lacked subject matter jurisdiction and that the suit would likely be barred by judicial immunity.
Plaintiff's motion for a default judgment was properly denied based on his failure to submit proof that he had properly effected service of the summons and complaint (see CPLR 3215 [f]; D'Arata v NY Post, 214 AD3d 449, 449 [1st Dept 2023]). Rules of the Court of Appeals (22 NYCRR) § 520.13 (a) — which allows attorneys who do not reside, and are not employed full-time, in New York State to be served with process via the Clerk of the Appellate Division of the department in which the attorney is admitted to practice law "in any action or proceeding . . . brought against the [attorney] and arising out of or based upon any legal services rendered or offered to be rendered . . . within the State" — does not apply in this action, where the acts about which plaintiff complains occurred entirely in the State of Florida.
There is no appeal as of right from so much of the order as sua sponte dismissed the complaint (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). Nevertheless, in the interest of judicial economy, we deem plaintiff's notice of appeal as a motion for leave to appeal and grant the motion (see Dubinsky v Levine, 200 AD3d 574, 574 [1st Dept 2021]).
Supreme Court lacked jurisdiction over this collateral attack on a decision of the Florida courts (see Weinstock v Citibank, 289 AD2d 326 [2d Dept 2001]; see also R&R Capital LLC v Merritt, 63 AD3d 565 [1st Dept 2009]; compare CDR CrÉances S.A.S. v Cohen, 23 NY3d 307 [2014] [affirming sanctions for fraud on the court where parties moved before the same court in the same case]). Thus, it properly dismissed the complaint sua sponte (see Matter of Callwood v Cabrera, 49 AD3d 394, 394 [1st Dept 2008]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER[*2] OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023