Arthur-Brown v Ramirez (2025 NY Slip Op 01039)

Arthur-Brown v Ramirez

2025 NY Slip Op 01039

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 5373/22|Appeal No. 3750|Case No. 2024-02450|

[*1]Allison Arthur-Brown, Plaintiff-Appellant,
v
Leticia Ramirez, et al., Defendants-Respondents.

Allison Arthur-Brown, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for Letitia Ramirez, New York City Office of Chief Medical Examiner and New York City Administration for Children's Services, respondents.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for New York State Commission on Judicial Conduct, respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about February 23, 2024, which denied plaintiff's motion for a default judgment against defendants, granted so much of the cross-motion of defendants Leticia Ramirez and the New York State Commission on Judicial Conduct as sought to deny plaintiff's motion, and sua sponte dismissed the complaint as against all defendants, unanimously affirmed, without costs.
As an initial matter, there is no appeal as of right from the portion of the order sua sponte dismissing the complaint (see CPLR 5701[a][2]). However, in the interest of judicial economy, we deem the notice of appeal from that portion of the order a motion for leave to appeal, and grant leave (see Rodriguez v Diaz, 217 AD3d 612, 613 [1st Dept 2023]).
Supreme Court providently exercised its discretion in denying plaintiff's motion for a default judgment because she failed to show that she properly served the summons and complaint on defendants. Without proof of proper service under the CPLR, the court lacks personal jurisdiction over any of the defendants, and the complaint was properly dismissed for that reason (see CPLR 3215[f]; Manfredo v 100-106 LLC, 224 AD3d 626, 627 [1st Dept 2024]).
Further, as a condition precedent to a wrongful death or other tort suit against municipal defendants, litigants must both plead and produce evidence that they served a notice of claim on the municipality (General Municipal Law § 50-e[1][a]; see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61-62 [1984]). Because plaintiff failed to plead or show that she served a notice of claim on defendants New York City Office of Chief Medical Examiner and The Administration for Children's Services within the statutorily mandated time frame, her claims against those two defendants were properly dismissed (see Scott v City of New York, 40 AD3d 408, 410 [1st Dept 2007]).
Finally, plaintiff has not produced a Surrogate's Court letter designating her as the personal representative of the child's estate, and thus, she lacks standing to bring this action (see Estates, Powers and Trusts Law § 5-4.1[1]). Thus, the complaint was properly dismissed in its entirety (see Jordan v Metropolitan Jewish Hospice, 122 AD3d 682, 683 [2d Dept 2014], appeal dismissed 24 NY3d 1199 [2015], cert denied 577 US 839 [2015]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025