Vasquez v Bronx Lebanon Hosp. Ctr. (2025 NY Slip Op 05908)

Vasquez v Bronx Lebanon Hosp. Ctr.

2025 NY Slip Op 05908

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 24567/20|Appeal No. 5042|Case No. 2024-02985|

[*1]Anthony Vasquez, Plaintiff-Appellant,
v
Bronx Lebanon Hospital Center, et al., Defendants-Respondents, George Velsco, MS III, et al., Defendants.

G. Wesley Simpson, P.C., Brooklyn (G. Wesley Simpson of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about April 5, 2024, which granted defendants-respondents' motion to strike certain language from the complaint and bills of particulars pursuant to CPLR 5701(b)(3), unanimously affirmed, without costs.
As an initial matter, the motion court's order which granted defendants' motion, pursuant to CPLR 3024(b), to strike "careless and reckless" language in the pleadings as prejudicial is not appealable as of right (see CPLR 5701[b][3]), and plaintiff did not seek leave to appeal from this Court (see Le Bel v Donovan, 96 AD3d 415, 417 [1st Dept 2012]; Wilson v DiCaprio, 278 AD2d 25, 26 [1st Dept 2000]). However, in the interest of judicial economy, we deem the notice of appeal from the court's order to be a motion for leave to appeal, grant leave, and address the merits (see Arthur-Brown v Ramirez, 235 AD3d 526, 526 [1st Dept 2025]; Rodriguez v Diaz, 217 AD3d 612, 613 [1st Dept 2023]).
Supreme Court providently exercised its discretion in striking certain language from the complaint and bill of particulars pursuant to CPLR 3024(b). The challenged portions of the pleadings were not material or relevant to plaintiff's action and, under the facts and circumstances of this particular claim, prejudiced defendants. Plaintiff points to Public Health Law § 2801-d(2), under which punitive damages are available and reckless disregard is an element, but that claim has not been pleaded, nor is it available against these defendants, who did not treat plaintiff in the context of operating a residential health care facility (see generally Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 619-620 [2nd Dept 2018]). Nor was the motion untimely where it was made with the permission and at the direction of the motion court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025